532 A.2d 404

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Dale SAMUELS, Appellee.**

Supreme Court of Pennsylvania.

Argued April 9, 1987.

Decided Oct. 15, 1987.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

Dale Samuels was found guilty by a Bucks County jury of statutory rape, indecent assault, indecent exposure, and corruption of a minor. The court sentenced him to a term of imprisonment from 38 months to 15 years. Superior Court affirmed the guilty verdicts but vacated the judgment of sentence and remanded for resentencing, 354 Pa.Super. 128, 511 S.2d 221. The court held that the Pennsylvania Commission on Sentencing exceeded its statutory grant of authority by adopting guidelines that increased the severity of sentences on the basis of prior convictions for misdemeanors not involving deadly weapons. We reverse.

As an aid in computing the sentence to be imposed for the four offenses,[1] the court used a Guideline Sentence Form published by the Commission. The court calculated a prior record score of 5 based on Samuels's history of one burgla-. ry conviction (2 points), one misdemeanor involving a weapon (1 point), and four or more other misdemeanors (2 points). According to the Guidelines, the statutory rape charge, a second degree felony, rated 5 on the offense gravity scale. Such an offense, with a prior record score of 5, carried recommended prison terms of 16 to 21 months in the mitigated range, 21 to 30 months in the "minimum" range, and 30–38 months in the aggravated range. The corruption charge, a first degree misdemeanor with an offense gravity score of 3, carried guideline suggested sentences of nonconfinement, 0 to twelve months, and 12 to 18 months in the mitigated, "minimum", and aggravated ranges respectively, the prior record score not being applied again to increase the ranges.

Samuels raised a number of challenges to his convictions in Superior Court, all of which were rejected.[2] He also raised several challenges to his sentence, that, with one exception, the court also rejected. The statutory language in question reads as follows:

Adoption of guidelines for sentencing

The Commission shall adopt guidelines for sentencing within the limits established by law which shall be considered by the sentencing court in determining the appro-

---

**1.** Although Samuels was found guilty on four charges, the court completed the form only as to two of them, statutory rape and corrupting of minors. Even as between these two offenses, the court failed to specify which portion of the total sentence was attributable to each, stating in its sentencing order simply a period of incarceration from 38 months to 5 years. Samuels, however, preserved no allegations of error in this regard.

**2.** The only allegations of error preserved for this Court's review in Samuels's cross-petition for allowance of appeal relate to the constitutionality of 42 Pa.C.S. § 5945.1, providing a privilege for sexual assault counselors "not to be examined as a witness in any civil or criminal proceeding without the prior written consent of the victim being counseled...." Upon full examination of the record we find that Superior Court adequately addressed this issue and no purpose would be served by restating that court's analysis.

priate sentence for felonies and misdemeanors committed by a defendant. The guidelines shall:

(1) Specify the range of sentences applicable to crimes of a given degree of gravity.

(2) Specify a range of sentences of increased severity for defendants previously convicted of a felony or felonies or convicted of a crime involving the use of a deadly weapon.

(3) Prescribe variations from the range of sentences applicable on account of aggravating or mitigating circumstances.

42 Pa.C.S. § 2154.

Superior Court began its analysis with the premise that the Commission's enabling statute, of which this section is a part, is a penal provision and therefore subject to strict construction. Given this perspective, the court determined that paragraph (2) stated the only area in which the Commission was authorized to provide increased severity on account of prior convictions.

The Commonwealth argues that this portion of the statute, though a mandatory direction, is not an exclusive direction; that is, the legislature insisted that the Commission treat a person with prior weapons misdemeanors more severely, but left it to the Commission, in the exercise of its broad grant of general authority, to determine what other conditions, including non-weapons misdemeanors, might also justify increased severity.

This argument, though simple, is highly persuasive. We need not pass upon the Superior Court's questionable judgment that the enabling statute (as distinguished from the actual guidelines produced by the Commission) is subject to strict construction as a penal provision. Notwithstanding that court's determination that the meaning it attributed to § 2154(2) was "plate glass clear", we are convinced that whether the statute is "strictly" or "liberally" construed, it in no way follows that the mandatory term "shall" is also an exclusive. The General Assembly gave the Commission a broad grant of authority to analyze the impact that

various factors should have on the sentencing decision and to promulgate a set of recommended sentences in accordance with its analysis. Certain factors (prior felonies, prior offenses of any grade involving deadly weapons) were so important to the legislature that it required the Commission to provide for them. This statement of an affirmative duty of inclusion of certain items carries no prohibition, express or implied, on the authority to include others.[3]

The order of the Superior Court, insofar as it vacates the order of the trial court and remands for resentencing, is vacated and the judgment of sentence is reinstated.[4] In all other respects the order is affirmed.

HUTCHINSON, J., filed a dissenting opinion in which NIX, C.J., joined.

HUTCHINSON, Justice, dissenting.

I dissent and would dismiss this appeal as improvidently granted. The constitutionality of the Sentencing Guidelines has already been decided by this Court in *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987), and is arguably not properly preserved on this record. Considering the holding in *Sessoms*, I see no point in our deciding the issue of whether Superior Court correctly held the statute did not

3. It is noted that the effect of our decision is limited to the present case and others decided in reliance on the Superior Court's decision in it where the Commonwealth has pursued the matter on appeal. Act 165 of 1986, effective February 9, 1987, amended § 2154(2) to overcome the uncertainty caused by the Superior Court's decision in this case and even more explicitly provided the Commission with authority to increase the severity of guideline sentences on the basis of misdemeanors of any kind.

4. Inasmuch as Samuels failed to preserve his challenge to the constitutionality of the sentencing guidelines, *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987) is inapplicable. *See Commonwealth v. Cabeza*, 503 Pa. 228, 469 A.2d 146 (1983) (appellate decision announcing new principle to be applied "retroactively" to cases *where the issue in question is properly preserved* at all stages of adjudication up to and including any direct appeal.) The trial court's sentence, being within the statutory limits, is not illegal and, in the absence of a valid claim of error properly preserved must be reinstated.

authorize the Commission to consider a particular unconstitutional guideline.

NIX, C.J., joins in this opinion.