535 A.2d 1182

**COMMONWEALTH of Pennsylvania**

v.

**Clarence Lynn BILLETT, Appellant.**

Superior Court of Pennsylvania.

Submitted April 7, 1986.

Filed Jan. 13, 1988.

Lorinda L. Hinch, Assistant Public Defender, Mercer, for appellant.

Samuel J. Orr, IV, District Attorney, Mercer, for Com., appellee.

Before CIRILLO, President Judge, and JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for receiving stolen property. Appellant contends that (1) the sentencing court erred in including a prior juvenile adjudication of delinquency in its computation of his prior record score for sentencing purposes, and (2) his sentence was excessive. For the reasons that follow, we disallow the appeal in part, and affirm the judgment of sentence.

Appellant entered a plea of guilty to one count of receiving stolen property, 18 Pa.C.S.A. § 3925, a felony of the third degree. Under the Sentencing Guidelines, 204 Pa. Code §§ 303.1–.9, *reprinted following* 42 Pa.C.S.A. § 9721, this offense carries an offense gravity score of five. *See* 204 Pa.Code § 303.8. At the time of the instant offense, appellant's prior criminal record included convictions for three felonies and one juvenile adjudication of delinquency for assault with intent to rape. Based on that record, appellant was assigned a prior record score of four. N.T. September 25, 1985 at 9. *See* 204 Pa.Code § 303.7. He was sentenced to a term of two-to-five-years incarceration, a sentence within the minimum range of the Sentencing Guidelines for an offense gravity score of five and a prior record score of four. *See* 204 Pa.Code § 303.9(b).[1] His motion to modify his sentence was denied, and this appeal followed.

Both contentions raised in this appeal concern discretionary aspects of sentencing.[2] The requirements of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987) therefore apply. Appellant has failed to include in his brief "a concise statement of the reasons relied upon for allowance of appeal" as required by Rule 2119(f) and *Tuladziecki*. In *Commonwealth v. Krum*, 367 Pa.Superior Ct. 511, 533 A.2d 134 (1987), however, this Court, sitting en banc, recently held that an appellant's failure to comply with Rule 2119(f) and *Tuladziecki*, if not objected to by the appellee, is a waivable procedural viola-

1. Without including the juvenile adjudication, appellant's prior record score would have been three. The minimum range for an offense gravity score of five and a prior record score of three is eight-to-twelve months. 204 Pa.Code § 303.9. Thus, his minimum sentence was considerably greater than that recommended for a prior record score of three.

2. We note that two recent en banc decisions of this Court have determined that the question whether juvenile adjudications may properly be included in computing prior record scores implicates a discretionary aspect of sentencing and not sentencing legality. *See Commonwealth v. Krum*, 367 Pa.Superior Ct. 511, 533 A.2d 134 (1987); *Commonwealth v. Tilghman*, 366 Pa.Superior Ct. 328, 531 A.2d 441 (1987).

tion. *Id.,* 367 Pa.Superior Ct. at 520, 533 A.2d at 138. Here, the Commonwealth has not objected to the Rule 2119(f) defect in appellant's brief. Accordingly, the Commonwealth has waived any claim based on the absence of such a statement. We must therefore proceed to examine each of appellant's sentencing claims and "determine, in [our] own discretion, whether there is a substantial issue requiring [us] to review the discretionary aspects of the sentence imposed by the trial court." *Commonwealth v. Krum, supra.*

Appellant first contends that § 303.7(b) of the Sentencing Guidelines is contrary to the legislation authorizing the creation of the guidelines, *see* 42 Pa.C.S.A. § 2154(2), because it requires a sentencing court to consider certain juvenile adjudications of delinquency in computing a defendant's prior record score. In *Commonwealth v. Tilghman,* 366 Pa.Superior Ct. 328, 531 A.2d 441 (1987) (en banc), our Court recently concluded that this type of claim presents a substantial question that the sentence imposed is inappropriate. *Id.,* 366 Pa.Superior Ct. at 333–334, 531 A.2d at 443–44. Accordingly, we grant the petition for allowance of appeal as to this issue and turn to the merits of the claim.

■ In computing a defendant's prior record score, the Sentencing Guidelines direct a sentencing court to score, *inter alia,* "[a]ll prior juvenile adjudications of delinquency where there was an express finding that the adjudication was based on the commission of a felony or one of the weapons misdemeanors listed in subsection (a)(3) where the adjudication occurred on or after the defendant's 14th birthday." 204 Pa.Code § 303.7(b)(1)(ii). The Legislature, in the act authorizing the creation of the Pennsylvania Commission on Sentencing, 42 Pa.C.S.A. §§ 2151–2155 (Purdon 1981) (amended 1986), directed it to adopt sentencing guidelines which "shall: ... [s]pecify a range of sentences of increased severity for defendants previously convicted of a felony or felonies or convicted of a crime involving the use of a deadly weapon." *Id.* § 2154(2). Appellant argues that because the Commission's power to adopt sentencing guide-

lines "results only from legislative delegation, the limits of such power must be strictly construed." Brief for Appellant at 8. Accordingly, because § 2154(2) does not *expressly* direct the Commission to specify a sentencing range of increased severity for defendants who were previously adjudicated delinquent, appellant maintains that 204 Pa.Code § 303.7(b) contravenes the legislative authorization contained in § 2154(2) and is thus invalid. We must disagree.

In *Commonwealth v. Tilghman, supra,* our Court was faced with a similar question regarding the interpretation of 42 Pa.C.S.A. § 2154(2). In *Tilghman,* appellant, the Commonwealth, argued that "§ 2154(2) merely sets forth the minimum criteria that the Sentencing Commission was required to consider and did not constrain the Commission to include consideration of only the specified criteria." 366 Pa.Superior Ct. at 335, 531 A.2d at 445. The *Tilghman* court rejected the Commonwealth's argument, holding that "We ... find no merit in the Commonwealth's contention that § 2154(2) merely set forth the minimum criteria that the Sentencing Commission was required to consider." *Id.,* 366 Pa.Superior Ct. at 338, 531 A.2d at 446. Instead, the court accepted the exact argument that appellant makes here:

the Commission did not have the power to specify a range of sentences of increased severity based on criteria not specified in § 2154(2). In other words, the Sentencing Commission lacked the power to adopt guidelines in which the prior record score was computed on the basis of anything other than prior convictions of felonies or convictions of a crime involving the use of a deadly weapon.

*Id.,* 366 Pa.Superior Ct. at 336, 531 A.2d at 445.

If *Tilghman* were the only appellate decision on the scope of legislative authority delegated by § 2154, we would be obliged to accept appellant's argument. Since *Tilghman* was decided, however, our Supreme Court has ruled on the proper interpretation of § 2154 and reached a different conclusion. In *Commonwealth v. Samuels,* 516 Pa. 300, 532 A.2d 404 (1987), appellant, the Commonwealth, argued

that § 2154, "though a mandatory direction, is not an exclusive direction." *Id.*, 516 Pa. at 303, 532 A.2d at 405. Accordingly, the Commonwealth continued, the Commission, in the exercise of its general authority, had the power to determine which conditions other than those specified in § 2154(2) might also justify a sentence of increased severity.

The *Samuels* court, like the *Tilghman* court, was therefore faced with the question whether the enhancement provision contained in § 2154(2) was exclusive, or merely set forth the minimum circumstances in which the Commission was required to provide for an increased sentence. The *Samuels* court adopted the Commonwealth's argument, holding that

> The General Assembly gave the Commission a broad grant of authority to analyze the impact that various factors should have on the sentencing decision and to promulgate a set of recommended sentences in accordance with its analysis. Certain factors (prior felonies, prior offenses of any grade involving deadly weapons) were so important to the legislature that it required the Commission to provide for them. *This statement of an affirmative duty of inclusion of certain items carries no prohibition, express or implied, on the authority to include others.*

516 Pa. at 303–304, 532 A.2d at 405 (emphasis supplied). Although *Samuels* and *Tilghman* are factually distinguishable—*Samuels* involved an enhancement based on convictions for non-weapons misdemeanors, while *Tilghman* involved an enhancement based on juvenile adjudications—both cases involved not the legitimacy of the specific basis for the enhancement, but the general authority provided the Commission under the legislation authorizing the creation of the guidelines.

We, of course, are bound by the *Samuels* court's holding that § 2154(2) does not specify the *exclusive* factors that the Sentencing Commission may rely upon to enhance a sentence. Accordingly, despite the specific holding by our Court in *Tilghman*, we cannot conclude that the Sentencing

Commission did not have authority to provide for enhanced sentences based upon prior juvenile adjudications of delinquency. We therefore must hold that the sentencing court in the instant case did not err in including a prior juvenile adjudication in computing appellant's prior record score.[3]

▇ Appellant next contends that his sentence was excessive. Appellant argues that the court placed undue emphasis on his prior record and failed to place adequate emphasis on the sentencing testimony by appellant and his wife regarding his "turning his life around" since the offense was committed. Appellant concedes that the court was aware of his extensive prior record, and that the instant criminal episode occurred but three months after his release from prison for a prior conviction. Moreover, appellant does not allege that the court was unaware of the supposed "turnaround" in his life, or that the court failed to consider other relevant factors. Instead, appellant's claim is simply that the court's *conclusion* based on all of these factors— i.e., the actual sentence imposed—was inappropriate. This type of claim, which asks us to substitute our judgment for that of the sentencing court, does not present a substantial question that the sentence imposed was inappropriate under the Sentencing Code as a whole. *See Commonwealth v. Tilghman, supra,* 366 Pa.Superior Ct. at 332, 531 A.2d at 443–44 & n. 2. Accordingly, we must disallow the petition for allowance of appeal with regard to this issue.

For the foregoing reasons, we disallow the appeal in part, and affirm the judgment of sentence.

Appeal disallowed in part, judgment of sentence affirmed. Jurisdiction is relinquished.

CIRILLO, President Judge, files a dissenting opinion.

CIRILLO, President Judge, dissenting:

I respectfully dissent. I disagree with the majority's decision to reach the merits of this appeal. Billett chal-

---

**3.** We note that appellant has not challenged the constitutionality of the Sentencing Guidelines. Accordingly, *Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775 (1987) is inapplicable. *Id.,* 516 Pa. at 380 n. 2, 532 A.2d at 782 n. 2.

132

lenges discretionary aspects of the sentence imposed. Where a purely discretionary aspect of sentencing is being challenged, the appellant must include in his brief a "concise statement of the reasons relied upon for allowance of appeal." 42 Pa.C.S. § 9781(b). This statement must show that there exists a "substantial question that the sentence imposed is not appropriate under [the Sentencing Code]." *Id.;* Pa.R.A.P. 2119(f); *see also Commonwealth v. Tuladzeicki,* 513 Pa. 508, 522 A.2d 17 (1987).

I disagree with the majority decision in *Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134 (1987) (en banc), which held that an appellant's failure to comply with Pa.R. A.P. 2119(f) and *Tuladziecki,* if not objected to by the appellee, is a waivable procedural violation. Compliance with the rule is necessary in order to invoke this court's jurisdiction. The *Krum* majority, in my opinion, has misinterpreted *Tuladziecki. See Krum,* 367 Pa.Super. at 521–522, 533 A.2d at 139 (Brosky, J., dissenting); *see also Commonwealth v. Tilghman,* 366 Pa.Super. 328, 531 A.2d 441 (1987) (en banc) (Cirillo, P.J., concurring). In failing to include a Rule 2119(f) statement in his brief, Billett has failed to properly invoke this court's jurisdiction. The proper course, under the supreme court's ruling in *Tuladziecki,* is to quash this appeal.