539 A.2d 439

**COMMONWEALTH of Pennsylvania**

v.

**Daniel James PRESTIDGE, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 5, 1987.

Filed March 7, 1988.

Michael A. Filingo, Assistant Public Defender, Bangor, for appellant.

284

Daniel G. Spengler, Assistant District Attorney, for Com., appellee.

Before BROSKY, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from the judgment of sentence of May 22, 1987, in which appellant was sentenced for two consecutive terms of one and one-half years to four years for two counts of Theft by Deception, 18 P.S. § 3922. Appellant raises four issues for our consideration in this appeal. Prior to addressing them, a brief recital of the facts is in order.

The Information charged that on August 18, 1986, Appellant obtained $6,000.00 from John Short. To secure the money, Appellant presented Mr. Short with a forged letter from Dr. John Oliver Nelson, in which Nelson guaranteed to repay the loan. On the same day Appellant obtained an additional $18,000.00 from Mr. Short, promising to invest the funds in the purchase of a home. He told Mr. Short that he intended to sell it quickly for an immediate profit and repay him his investment plus a split of the profit. Needless to say, no portion of the money was repaid.

This appeal involves a challenge to the legality of the sentence as well as the discretionary aspect of the sentence. The question of whether the two counts of theft should have merged for sentencing purposes, relates to the legal aspects. A two-pronged test for determining the merger of offenses has been adopted by our appellate courts:

> [t]o determine whether merger should occur, a court must first determine whether the separate statutory offenses arose out of the same criminal act, transaction or episode. When courts decide under the merger doctrine that two crimes "necessarily involve" one another, it does not always mean that all the elements of one crime are included in the other. It means that on the facts of the case the two crimes were so intimately bound up in the same wrongful act that as a practical matter, proof of one

crime necessarily proves the other, so that they must be treated as the same offense. *Commonwealth v. Williams*, 344 Pa.Super. 108, 127, 496 A.2d 31, 40 [1985]

\* \* \* \* \* \*

The test for merger, as stated above, is a "flexible fact-based tool for determining how many offenses against the Commonwealth have actually been committed.... (The) question of merger will often turn on an appraisal of the precise facts of the case." *Commonwealth v. Williams, supra*, 344 Pa.Superior Ct. at 143, 496 A.2d at 50.

*Commonwealth v. Taylor*, 362 Pa.Super. 408, 524 A.2d 942 (1987).

■ Appellant contends that the two counts of Theft are each part of a single continuous act since the victim relied on the forged note, which attested to guarantee the loan, before giving him both sums of money. Appellant overlooks that the crucial factor herein is that he approached the victim on two separate occasions and received money both times. Of course the elements of both offenses are the same, however, the trial court did not err in refusing to merge the two counts of theft for sentencing purposes, as each was the result of a separate factual situation.

■ The second issue Appellant raises is whether the trial court erred when it included Appellant's conviction for a Canadian robbery in the calculation of his prior record score. President Judge Williams used a prior record score of three (3) based upon this conviction. While there is no specific section of the Sentencing Code that controls this question directly, out-of-state offenses are included in determining a defendant's prior record score, and are governed by application of Pennsylvania statutory offense classifications and definitions. It follows from this analysis, that a conviction rendered in a foreign country, especially one which enjoys a judicial system similar to ours, should also be included. Therefore the trial court did not err when it included Appellant's Canadian conviction for robbery.

Appellant's third issue challenges the trial court's imposition of sentence in the aggravated range. This contention concerns a discretionary aspect of sentencing. The requirements of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987) therefore apply. Appellant has failed to include in his brief "a concise statement of the reasons relied upon for allowance of appeal" as required by Rule 2119(f) and *Tuladziecki.* In *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987), however, this Court, sitting en banc, recently held that an appellant's failure to comply with Rule 2119(f) and *Tuladziecki*, if not objected to by the appellee, is a waivable procedural violation. *Id.*, 367 Pa.Superior Ct. at 519, 533 A.2d 134 at 138. Here, the Commonwealth has not objected to the Rule 2119(f) defect in appellant's brief. Accordingly, the Commonwealth has waived any claim based on the absence of such a statement. We must therefore proceed to "determine, in [our] own discretion, whether there is a substantial issue requiring [us] to review the discretionary aspects of the sentence imposed by the trial court. *Commonwealth v. Krum, supra* (footnote omitted).

Specifically, Appellant claims that imposing sentence in the aggravated range was an abuse of discretion because the trial court only focused on the violation of trust between Appellant and Dr. Nelson, and the age of the victim,[1] but hardly considered any of the mitigating circumstances. We find this to be a substantial question as to whether the sentencing court erroneously applied the guidelines, and therefore will review the question. *Commonwealth v. Tilghman*, 366 Pa.Super. 328, 531 A.2d 441 (1987).

[A] sentencing judge may consider any legal factor in deciding whether a defendant should be sentenced within the aggravated range. Second, in order to be adequate, the sentencing judge's reasons for sentencing within the aggravated range must reflect this consideration. Finally, the sentencing judge's decision regarding the aggrava-

---

1. We note that Appellant has not challenged the constitutionality of the sentencing guideline. Accordingly, *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987) is inapplicable.

tion of a sentence will not be disturbed absent a manifest abuse of discretion.

*Commonwealth v. Duffy*, 341 Pa.Super. 217, 224, 491 A.2d 230, 233 (1985).

■ Keeping these principles in mind we turn to Appellant's assertion that the trial court should not have sentenced him in the aggravated range. Our review of the Sentencing Transcript reveals the legal factors and elaborate reasons upon which President Judge Williams based Appellant's sentence. Appellant's assertion that the Judge simply "brushed aside" his poor educational background, poor family history, drug and alcohol problems, and the fact that this was a non-violent crime is totally meritless. The Judge's decision to sentence Appellant in the aggravated range was one in which he balanced the needs of the community to be protected against crimes of this nature and Appellant's need for rehabilitation. Since the sentence imposed herein is within the statutory limits, and is not manifestly excessive so as to inflict too severe a punishment, we can find no abuse of the trial court's discretion. *Commonwealth v. Knepp*, 307 Pa.Super. 535, 453 A.2d 1016 (1982).

■ Finally, Appellant argues that the probation officer responsible for preparing his presentence report should have been in attendance at the sentencing proceedings so that he could be questioned regarding its contents. There is no merit to this contention. Appellant was presented with a presentence report prior to sentencing and was afforded the opportunity to contest any portion of the report with which he disagreed. *Commonwealth v. Franklin*, 301 Pa.Super. 17, 446 A.2d 1313 (1976). Since he had the benefit of all the safeguards required to insure a fair sentencing, the presence of the preparer of the presentence report was superfluous.

Judgment of sentence affirmed.

BROSKY, J., files a concurring opinion.

HOFFMAN, J., files a concurring and dissenting opinion.

BROSKY, Judge, concurring:

While I agree with the majority the judgment of sentence should be affirmed in this case, and I agree with the majority's disposition of the first, second and fourth issues, I must take exception to the result reached with regard to the third issue raised by appellant.

Appellant's third issue questions the propriety of the trial court having sentenced him in the aggravated range. As noted by the majority, this issue challenges a discretionary aspect of sentencing. While I agree with the majority's view that we must determine whether there exists a substantial question requiring us to review the discretionary aspects of sentence, I disagree that the issue before us presents such a question. According to the majority, *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987), is inapplicable because appellant has not challenged the constitutionality of the Sentencing Guidelines. I do not agree. In *Sessoms*, the Pennsylvania Supreme Court declared the Sentencing Guidelines to be void *ab initio*. Thus, alleging that the sentence was improperly imposed in the aggravating range will not, by itself, raise a substantial question that the sentence is inappropriate under the sentencing code. I would, therefore, conclude that no substantial question exists regarding that aspect of the sentence. Consequently, I would decline review of the third issue raised by appellant, and would dismiss the appeal as to that issue alone.

HOFFMAN, Judge, concurring and dissenting:

I concur in the majority's disposition of the first, third, and fourth issues. I dissent, however, from its resolution of the second issue: I would hold that the lower court erred in employing a prior record score that included appellant's robbery conviction in Canada. Accordingly, I would vacate

the judgment of sentence and remand the case for resentencing.

Appellant contends that the lower court enhanced his sentence by relying on a prior record score that improperly reflected appellant's robbery conviction in a foreign jurisdiction, namely Canada.[1] In selecting the sentence to be imposed on a criminal defendant, a court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). One of the factors that a court must consider in fashioning the sentence is the prior record of the defendant. *See* 204 Pa.Code §§ 303.1–303.9, *reprinted following* 42 Pa.C.S.A. § 9721.

Under the Sentencing Guidelines, a defendant's prior record is reflected in a numerical score, which is used to enhance the ranges of sentences applicable to a given offense. *See id.* §§ 303.2, 303.3, 303.7 to 303.9. A prior record score is derived by assigning points to certain previous convictions and adjudications of delinquency. *See id.* §§ 303.7, 303.8. Pursuant to the Sentencing Guidelines, a prior record score will include points for previous convictions in Pennsylvania as well as for out-of-state, federal, or former Pennsylvania offenses:

> A prior out-of-state or Federal conviction or adjudication of delinquency under former Pennsylvania law, is scored as a conviction for the current Pennsylvania offense. When there is no current equivalent Pennsylvania offense, prior out-of-state or Federal convictions or adjudications of delinquency are scored as non-weapons misdemeanors.

*Id.* § 303.8(d).

In this case, the underlying issue is whether the term "out-of-state convictions" should be construed to encompass

---

1. I note that appellant has not challenged the constitutionality of the sentencing guidelines. Accordingly, *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987) does not apply to this issue.

convictions occurring in foreign countries, in addition to those occurring in any of the other forty-nine states. It is axiomatic that penal laws must be strictly construed, *see* 1 Pa.C.S.A. § 1926, in favor of the defendant. *See Commonwealth v. Darush,* 256 Pa.Superior Ct. 344, 348, 389 A.2d 1156, 1158 (1978); *Commonwealth v. Cunningham,* 248 Pa.Superior Ct. 219, 222, 375 A.2d 66, 67 (1977). Moreover, any ambiguity concerning the ambit of a penal statute must be resolved against the Commonwealth. *See Commonwealth v. Cluck,* 252 Pa.Superior Ct. 228, 238, 381 A.2d 472, 477 (1977); *Commonwealth v. Teada,* 235 Pa.Superior Ct. 438, 444, 344 A.2d 682, 684 (1975) (allocatur denied). Importantly, the term "penal laws" covers a wide array of laws. As defined, for example, in the Pennsylvania Rules of Criminal Procedure, penal laws include

> all statutes and embodiments of the common law which establish, create or define crimes or offenses including any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty.

Pa.R.Crim.P. 3(n).

Although the Rules' definition of "penal laws" does not specifically list the Sentencing Guidelines, it is 'plate glass clear' that they fall under the rubric of penal laws. *See Commonwealth v. Samuels,* 516 Pa. 300, 302, 532 A.2d 404, 405 (1987). Ambiguities in the Guidelines, therefore, should be resolved in favor of the defendant. *See Commonwealth v. Cluck, supra; Commonwealth v. Teada, supra.* Thus, I would hold that the term "out-of-state convictions" as used in the Guidelines should be construed to include only convictions rendered by courts in the other forty-nine states of the United States and to exclude convictions occurring in foreign countries.[2] For that reason, I would vacate the judgment of sentence and remand for resentencing.

---

**2.** In addition, I would disagree with the majority's conclusion that we can take judicial notice that the criminal procedures used in Canada are similar to the procedural safeguards guaranteed by the United States Constitution.