539 A.2d 840

**COMMONWEALTH of Pennsylvania**

v.

**Evaristo SANCHEZ, Appellant.**

Superior Court of Pennsylvania.

Argued March 9, 1987.

Filed March 16, 1988.

Edward R. Eidelman, Public Defender, Allentown, for appellant.

Michael E. Moyer, Assistant District Attorney, Allentown, for Com., appellee.

Before CIRILLO, President Judge, and BROSKY, WIEAND, OLSZEWSKI, DEL SOLE, MONTEMURO, TAMILIA, POPOVICH and JOHNSON, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence which was imposed upon appellant, Evaristo Sanchez, after he entered a plea of guilty to various drug charges. We granted en banc review and must remand the matter for resentencing.

The records sets forth the following scenario:

On July 11, 1985, appellant entered a plea of guilty to possession with intent to deliver heroin,[1] possession of heroin,[2] possession with intent to deliver cocaine,[3] and posses-

1.  35 P.S. § 780–113(a)(30).
2.  35 P.S. § 780–113(a)(16).
3.  35 P.S. § 780–113(a)(30).

sion of cocaine,[4] counts one (1) to four (4) respectively.

On September 9, 1985, appellant received consecutive terms of imprisonment of not less than seven and one-half (7½) nor more than fifteen (15) years on count one (1) and not less than two and one-half (2½) nor more than ten (10) years on count three (3). The trial court merged counts two (2) and four (4) with counts one (1) and three (3). A motion for reconsideration of sentence was filed in a timely manner on September 16, 1985, and was subsequently denied. This appeal followed.

Appellant raises two issues in this appeal: (1) whether the trial court erred in failing to state appropriate reasons on the record for exceeding the Sentencing Guidelines, 204 Pa.Code § 303.1 *et seq.*, and failed to state appropriate and sufficient reasons for the extremely harsh sentence and (2) whether the sentence of ten (10) to twenty-five (25) years in prison was manifestly excessive.

According to the prosecution, a waiver has occurred because "no motion to modify was ever filed." Brief for Appellee at 6. However our review of the record indicates that a motion for reconsideration was filed on September 16, 1985 and was denied on September 18, 1985. Because the issues which appellant raises were set forth in the reconsideration motion, these issues have not been waived. *Commonwealth v. Tomasso*, 506 Pa. 344, 485 A.2d 395 (1984).

Additionally, we note that the sentence which was imposed was authorized by the legislature. The maximum limits which could have been imposed under counts one (1) and three (3) were fifteen (15) and ten (10) years in prison, respectively. See 35 P.S. § 780–113(f)(1) and (1.1). Hence, appellant's sentence of not less than seven and one-half (7½) nor more than fifteen (15) years in prison on count (1) and not less than two and one-half (2½) nor more than ten (10) years in prison on count three (3) was within the statutory limits.

4.   35 P.S. § 780–113(a)(16).

Because the instant appeal raises issues concerning the discretionary aspects of sentence, we must examine our Court's recent decision in *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987). In *Krum*, we applied our Supreme Court's recent decision in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987) and said the following:

> In Tuladziecki, the defendant preserved his challenge to the Commonwealth's procedural violation of Rule 2119(f) by raising the issue (1) in the Superior Court, and (2) in the Supreme Court. In the instant case, the Commonwealth has not objected to or otherwise preserved the defendant's failure to include in his brief a separate showing, as required by Pa.R.App.P. 2119(f), a "substantial question that the sentence imposed [was] not appropriate." Because the requirement of Rule 2119(f), is procedural and not jurisdictional, the Commonwealth's failure to object to or otherwise assert the defect in the form of appellant's brief has resulted in a waiver of the defect. Therefore, the Superior Court will determine, in its own discretion, whether there is a substantial issue requiring it to review the discretionary aspects of the sentence imposed by the trial court. Id. [ (at 511, 522 A.2d at 18) ] (footnote omitted).[5]

Because the prosecution has failed to mention appellant's noncompliance with Rule 2119(f), we may conclude that "the Commonwealth's failure to object to or otherwise assert the defect in the form of appellant's brief has resulted in a waiver of the defect." Id. In this case, appellant contends that the sentence which was imposed was almost twice as long as the sentence which was recommended by the guidelines. Under these circumstances, we find that there is a substantial question that the sentence which was imposed

5. Pa.R.A.P. 2119(f) provides:

An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

was not appropriate, and we may therefore examine the merits of appellant's claim that the trial court erred in failing to state appropriate or sufficient reasons for deviating from the guidelines.[6] See, e.g., *Commonwealth v. Tuladziecki,* supra; *Commonwealth v. Darden,* 366 Pa.Super. 597, 531 A.2d 1144 (1987).

We granted en banc review to determine whether the trial court failed to comply with this Court's previous decision in *Commonwealth v. Royer,* 328 Pa.Super. 60, 476 A.2d 453 (1984). In *Royer,* we held that the trial court must provide a contemporaneous written statement of the permissible range of sentences where a sentence is imposed which deviates from the statutory guidelines.[7] In this case, it is undisputed that the sentence deviated from the guidelines. We have examined the record in this case and conclude that "nowhere did the court allude to the guidelines, nor did it indicate that it was aware of the guidelines' suggested ranges." *Commonwealth v. Chesson,* 353 Pa.Super. 255, 509 A.2d 875, 876.

The written record which was compiled at the sentencing hearing consisted of the following:

"THE COURT: Well, let's take a look at that for a moment. In 1980, some gambling charge, guilty to disor-

6. Given the relevant offense gravity scores of seven (7) with a prior record score of three (3) for count one (1), possession with intent to deliver heroin, a minimum sentence of forty-nine (49) months in prison was recommended as compared to a minimum term of ninety (90) months which was imposed. 42 Pa.C.S.A. § 9721. On the charge of possession to deliver cocaine, with an offense gravity score of five (5) and a prior record score of zero (0), a minimum term of eighteen (18) months was recommended as compared to the minimum term of thirty (30) months which was imposed. Id. The trial court did not refer to these scores at the hearing.

7. Because neither party has argued that the sentencing guidelines are invalid, we need not apply our Supreme Court's recent ruling in *Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775 (1987). In *Sessoms,* our Supreme Court invalidated the guidelines; however, this ruling is inapplicable because appellant has failed to preserve it "at all stages of adjudication up to and including any direct appeal." Id., 516 at 380 n. 2, 532 A.2d 782 n. 2 (quoting *Commonwealth v. Cabeza,* 503 Pa. 228, 233, 469 A.2d 146, 148 (1983). Accord *Commonwealth v. Samuels,* 516 Pa. 300, 532 A.2d 404 (1987).

derly conduct, pay fines and costs. A Judge gave you a chance to do something. Right, Mr. Sanchez? A Judge gave you a chance in 1980.

"Possession of marijuana, November, 1980, pay fine and costs. Again, a Judge gave you a chance then, right?

"I assume Mr. Lauer, Defense Counsel, has that. Do you have that report in front of you?

"MR. LAUER [Defense Counsel]: I have the pre-sentence report.

"THE COURT: Judge gave you chance then.

"April 1982, possession of marijuana, pay fine and costs. Judge gave you a chance then.

"May 21, 1982, public drunkenness. A Judge gave you a chance, $25 fine.

"In December of 1982, robbery charges dismissed. I don't know anything about that.

"September 1983, possession of alcoholic beverages in a public place. Pay fine and costs.

"April 19, 1984, a year ago, a little bit over a year ago now, drugs. Cocaine. Possession with intent to deliver. Some sort of a plea bargain presumably. A Judge gave you a chance, 6 to 23 months in the Lehigh County Prison for which you are on parole, I believe, at this time.

"June 1984, delivery of a controlled substance, heroin, possession with intent to deliver, 4 to 23 months. Somebody gave you a chance then.

"Other charges pending. I don't know what they are.

"You have been given chances. Your chances have run out, Mr. Sanchez. Prior record, there is something like ten arrests, seven convictions, also in 1980 including four previous drug offenses and another one yet pending. These involve heroin and cocaine which are among the worst of our society. Certainly we don't need them in this community.

"Your guilty plea is a recognition by you, sir, that you had complicity in very serious drug charges in dealing with

rather large quantities of cocaine and heroin with some substantial street value.

"You had a spotty employment record. In our view, Mr. Sanchez, you clearly represent a danger to this community and to society. There is no indication that you appreciate the seriousness of the anti-social aspect of the distribution of elicit drugs which are against the law. Heroin, cocaine, whole list against the law. You have been in it and in it and in it apparently for years.

"We believe that the public should know that people who are so involved should be dealt with firmly so that notice will go out to those who are engaged and contemplating such offense that the penalty will be serious.

"We don't regard that you've learned anything from all your prior involvement with the law and all your other sentences that you have had because you're back here bigger than ever, more deeply involved than ever.

"In our view, any lesser sentence would depreciate the seriousness of what you have done. And in our view you represent as much a danger to the citizens of this community, Mr. Sanchez, with drug involvement as if you had a gun and you held up everybody. Just as serious.

"Now, not only did you engage in serious elicit drug dealings, but you did so making all sorts of money presumably while you were milking the Commonwealth and who else of welfare money, and that's indicated by reason of the cash in something close to $1500 in cash which was found in your apartment during the raid.

"So for all of these reasons, Mr. Sanchez, while, believe me, we gain no pleasure in doing it, we believe that in the interests of the community and society that you receive lengthy periods of incarceration in a state correctional institution.

"You may take these sentences:

"NOW, SEPTEMBER 9, 1985, the sentence of the Court is that you, Evaristo Sanchez, in No. 1863 of 1984, Count 1, that you pay the costs of prosecution and that you undergo

total confinement, that is imprisonment, forthwith for a period of no less than seven and a half years nor more than fifteen years in such State Correctional Institution as shall be designated by the Deputy Commissioner for Treatment, Bureau of Corrections, and that you be sent to the Correctional Diagnostic Classification Center at Graterford, Pennsylvania, for that purpose; that credit be given you, as required by law, for all time spent in custody, as a result of the criminal charges for which sentence is being imposed; and that you stand committed until this sentence is complied with.

"In Count 3, the sentence of the Court is that you, Evaristo Sanchez, in Count 3 of 1863 of 1984, pay the costs of prosecution and that you undergo total confinement, that is imprisonment, forthwith for a period of no less than two and a half nor more than ten years in such State Correctional Institution as shall be designated by the Deputy Commissioner of Treatment, Bureau of Corrections, and that you be sent to the Correctional Diagnostic Classification Center at Graterford, Pennsylvania, for this purpose; that credit be given you, as required by law, for all time spent in custody, as a result of the criminal charges for which sentence is being imposed and that you stand committed until this sentence is complied with.

"IT IS ORDERED that the sentence in Count 3 run consecutive to the sentence in Count 1 so that the total minimum sentence that you are to serve is no less than ten and the total maximum no less than twenty-five years in a state correctional institution.

"MR. MOYER [the Prosecution]: Your Honor, on Count 3, the pre-sentence indicates that the maximum is 5 years. I'm not quite sure that that's correct or—

"THE COURT: That is incorrect because at the time the plea was entered I think we all agreed that the maximum on Count 1 was fifteen and the maximum on Count 3 was ten. The record may reflect that that's what my notes reflect.

"Now, you have been sentenced on guilty pleas, Mr. Sanchez, and you have certain rights. You have a right to file an appeal within 30 days on the grounds that your plea was unlawfully induced or that it had not been voluntarily and understandingly made by you, if a higher court should rule favorably thereon your sentence and guilty plea would be set aside and you would be granted a new trial; or that the sentences imposed are illegal, if a higher court should so find you would be resentenced; or that the court did not have jurisdiction, if a higher court should so rule you would be discharged and the charges dismissed.

"Further, you have the right to file a written motion challenging the validity of your guilty plea or the legality of your sentence imposed pursuant thereto provided that you do so in writing within ten days.

"You're entitled to be represented by counsel in preparing and litigating your Motion. And you can only raise on appeal such grounds as are set forth in your written motion.

"(Sentencing Transcript at 17–24)"

Although the trial court did refer to the maximum sentence which had been agreed upon with respect to counts one (1) and two (2), the sentencing court failed to provide a contemporaneous written statement of its reasons for deviations from the guidelines, and we must accordingly remand for resentencing. 42 Pa.C.S.A. § 9721; 204 Pa.Code § 303.1(h).

In view of our disposition, we need not address the other questions raised by appellant, which concern the adequacy of the reasons which were articulated by the trial court at sentencing under *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) and the harshness of the sentence which was imposed.[8]

---

8. As we aptly stated in *Commonwealth v. Chesson*, 353 Pa.Super. 255, 257, 509 A.2d 875, 877 (1986),

This is not to say that we necessarily disagree with the court's reasons for the sentence imposed. We make no judgment as to that question....

Accordingly, we must vacate the sentence and remand the matter for resentencing. Jurisdiction is not retained.

CIRILLO, President Judge, and BROSKY, J., file a dissenting opinion.

WIEAND and OLSZEWSKI, JJ., file a dissenting statement.

CIRILLO, President Judge, dissenting:

I join in the observations of Judge BROSKY in dissent, and write separately to highlight my own concerns.

In vacating appellant Sanchez's sentence and remanding for resentencing, this court continues to eviscerate the Supreme Court of Pennsylvania's ruling in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987) and to misread its decision in *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987). Because Sanchez waived his right to appeal by failing to include the required Pa.R.A.P. 2119(f) statement of reasons relied on for allowance of appeal showing a "substantial question" that the sentence is inappropriate under the Sentencing Code, *see* 42 Pa.C.S. § 9781(b), I would quash the appeal. I therefore respectfully dissent.

Sanchez was arrested on charges of possession of and possession with intent to deliver heroin and cocaine. He entered a guilty plea with respect to those charges, and was sentenced to consecutive terms of imprisonment of not less than seven and one half nor more than fifteen years for the counts involving cocaine, and not less than two and one half to not more than ten years for the counts involving heroin. The sentencing court merged the counts involving possession and possession with intent to deliver of each drug for sentencing purposes. Appellant then filed a motion to reconsider sentence. The court denied that motion, and Sanchez appealed to this court. On appeal, Sanchez argues that the sentence of ten to twenty-five years was manifestly excessive. He argues further that the sentence was inappropriate because the trial court failed to state appropriate

reasons on the record for its deviation from the Sentencing Guidelines. Appellant fails, however, to include in his brief the statement of reasons relied on for appeal mandated by Pennsylvania Rule of Appellate Procedure 2119(f) in appeals from discretionary aspects of sentence. Because, regardless of this court's decision in *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987) (en banc), I cannot accept the premise that the supreme court in *Tuladziecki* meant to make the 2119(f) requirement readily waived by the appellee, I would find that appellant's failure to include such a statement in his brief created a fatal jurisdictional defect, and that we are precluded from exercising our discretion to hear this appeal.

I disagree at the outset with this court's introduction of a procedural versus jurisdictional dichotomy in *Krum*. This distinction was a semantic one of the court's own creation, and was not one which the court in *Tuladziecki* found significant. "Procedural" violations often have results which affect a court's ability to exercise jurisdiction. The most obvious example is the "procedural" shortcoming of filing an appeal beyond the jurisdictional time limit of thirty days. Other examples are the "procedural" deficiencies of failing to raise issues in post-verdict motions, or filing such motions out of time, which may have the "jurisdictional" effect of precluding this court's review of certain issues on appeal. In that sense, procedural violations may defeat this court's "jurisdiction" to review certain claims, and the whole point of the supreme court's reversal of our decision vacating a sentence in *Tuladziecki* was that this court should stop ignoring the jurisdictional prerequisite of Rule of Appellate Procedure 2119(f) in discretionary sentencing matters. In *Krum*, however, this court sidestepped the *Tuladziecki* decision and found the requirement of a 2119(f) statement "procedural" and hence subject to waiver by the appellee. Since the court will also permit the appellant to supplement his brief to supply the missing statement when the appellee *does* raise its absence, *cf. Commonwealth v. Tilghman*, 366 Pa.Super. 328, 531 A.2d 441 (1987), we have,

in practical effect, rendered Pa.R.A.P. 2119(f) a nullity, and robbed the *Tuladziecki* case of any significance.

In *Tuladziecki*, the supreme court did, in fact, refer to the absence of a 2119(f) statement as a "procedural violation." *Tuladziecki*, 513 Pa. at 515, 522 A.2d at 21. However, it is a non sequitur to conclude, as we did in *Krum*, that because the violation is "procedural," an appellee can "waive" it. While the requirement of a statement listing the reasons upon which an appellant relies for appeal may be procedural, it is part of the procedure by which an appellant perfects his claim to this court's discretionary jurisdiction in sentencing matters. This court has never held that procedural requirements of this nature are waivable at the option of the appellee. In fact, the action or inaction of the appellee makes no difference to our ability to look past procedural deficiencies to review the merits of a case.

In perpetuating the error that the supreme court had corrected in *Tuladziecki*, this court in *Krum* cited to several cases to show that procedural violations could be "waived" by the appellee's failure to object. Upon closer examination, the court's misapprehension of these cases is evident. Firstly, in none of the cases cited by the *Krum* majority did this court comment upon the appellee's objection or failure to object. *See, e.g., Commonwealth v. Bell*, 328 Pa.Super. 35, 476 A.2d 439 (1984) (although court stated it would consider merits of appeal even though appellant violated rules limiting statement of questions presented, it did not state why). In fact, in *Commonwealth v. Gumpert*, 354 Pa.Super. 595, 512 A.2d 699 (1986), the Commonwealth, appellee in that case, had complained that the appellant's captioning of his appeal as an appeal from the order denying post-trial motions was incorrect because such appeals are interlocutory, and that the appeal should have been taken from the final judgment of sentence. *Id.*, 354 Pa.Superior Ct. at 597, 512 A.2d at 700. That argument on the part of the Commonwealth would have precluded any "waiver" of the violation, under *Krum*'s rationale. In

allowing that appeal to be heard, however, a panel of this court stated that the error was one of form, and not substance, so that the principles surrounding the rule that appeals must be taken from a final judgment of sentence were not contravened. *Id.; see also Commonwealth v. Lahoud,* 339 Pa.Super. 59, 488 A.2d 307 (1985) (court, by authority of Pa.R.A.P. 105(a), which allows liberal construction of rules at court's discretion, treated appeal from post-trial motions as appeal from judgment of sentence).

What this court has said in the cases cited by the majority is that a procedural violation will result in the dismissal of the appeal if this court cannot, in its discretion, provide effective appellate review because of that procedural non-compliance. In *Commonwealth v. Williams,* 269 Pa.Super. 544, 410 A.2d 835 (1979), for example, we held that the appellant's failure to include ineffective assistance of counsel among the reasons for appeal cited in his Pa.R.A.P. 1925 statement filed in response to the trial court's order could have waived that issue but did not. Instead, we considered the merits of the issue "because appellant's failure to comply with the rule [did] not defeat our ability to exercise appellate review." *Id.,* 269 Pa.Superior Ct. at 548, 410 A.2d at 837. The decision concerning whether or not the defect is so grievous as to prevent review is one for us as the appellate court to make; it does not hinge upon what the appellee does or does not do. In *Commonwealth v. Dougherty,* 351 Pa.Super. 603, 506 A.2d 936 (1986), we reviewed the merits of appellant's ineffective assistance of counsel claim even though he had couched that issue in "boiler-plate" language, saying, "We are able to glean from appellant's inartfully drafted brief his mistaken belief that an ineffective assistance of counsel claim revives those substantive claims which counsel is allegedly ineffective for failing to preserve." *Id.,* 351 Pa.Superior Ct. at 607, 506 A.2d at 938. Exercising our discretion, we overlooked the appellant's procedural error. In *Commonwealth v. Stoppie,* 337 Pa.Super. 235, 486 A.2d 994 (1984), we exercised that same discretion even though the violations were much more serious. *Id.,* 337 Pa.Superior Ct. at 240, 486 A.2d at

997. In both cases, we did so without regard to any action or inaction on the part of the appellee. It is rather incongruous, then, for the *Krum* majority to have relied on these cases for its proposition that the appellee's waiver of a procedural violation permits review by this court. If such a tenet is extant, none of the cases cited by the *Krum* majority give it support.

Closer examination of the supreme court's opinion in *Tuladziecki*, on the other hand, shows that the court considered omission of the Pa.R.A.P. 2119(f) statement not subject to cure. *Tuladziecki* overturned a decision in which this court had ignored the fact that the appellant had not included a 2119(f) statement in its brief, and had found a substantial question that the sentence imposed was not appropriate under the Sentencing Code. This court had read the note to rule 902 which states that "the question of the appropriateness of sentence may be briefed and argued in the usual manner," Pa.R.A.P. 902 note, to allow an examination of the appellant's argument on the merits to determine whether or not a substantial question warranting an appeal under 42 Pa.C.S. § 9781(b) existed. *See Tuladziecki*, 513 Pa. at 512, 522 A.2d at 19. In refuting this analysis, the supreme court examined Pa.R.A.P. 2116(b), and drew a distinction between the requirement that an "appellant shall include any questions relating to the discretionary aspects of the sentence imposed" and the necessity of briefing "the issue whether the appellate court should exercise its discretion to reach such question." Pa.R.A.P. 2116(b).

It must first be observed that our rules make a careful distinction between "questions relating to the discretionary aspects of the sentence" and "the issue whether the appellate court should exercise its discretion to reach such question...." Recognizing this distinction, the language from the Note to Pa.R.A.P. 902 quoted in footnote 1 of the Superior Court's memorandum, speaks only to the fact that the appellant is to supply his brief, with argument on the merits of the question, at the same time

as he provides his concise statement of the reasons relied on for appeal. It does not and cannot obviate the need for such a statement.

*Tuladziecki,* 513 Pa. at 512, 522 A.2d at 19. This language mandates that the appellant include such a statement, and, further, indicates that the supreme court viewed this statement as a threshold requirement for the exercise of jurisdiction by this court. "The procedure outlined in the Note accompanying Rule 902 was published in the interest of maintaining consistency between practice under this section of the Sentencing Code and typical appellate practice in [the] Superior Court, which *does not ordinarily have discretion as to the exercise of its jurisdiction.*" *Id.* (emphasis added).

Unless the requirement of the 2119(f) statement is seen to be jurisdictional and therefore non-waivable, the supreme court's decision in *Tuladziecki* is nonsense. One can be no clearer than the supreme court in stating its holding in *Tuladziecki:* "It is *only where a party can articulate reasons why* a particular sentence raises doubts that this scheme as a whole has been compromised *that the appellate court should review* the manner in which the trial court exercised its discretion." *Id.,* 513 Pa. at 515, 522 A.2d at 20 (emphasis added). If a party does not first articulate those reasons, we cannot, according to the decision in *Tuladziecki,* go rummaging through the record and the merits of the issue raised to discover some substantial question. I therefore take issue with the decision in *Krum,* and would find appellant's appeal waived for failure to supply a 2119(f) statement of reasons relied on for appeal.

Although I would quash Sanchez's appeal, had I, like the majority, been able to determine that this appeal is proper, I would also take issue with the majority's interpretation of *Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775 (1987). *Sessoms* declared that the Sentencing Guidelines were unconstitutional and void ab initio. The court in *Sessoms* further propounded that its ruling was not available to a party challenging a sentence unless that party had

previously raised the issue of the guidelines' unconstitutionality at every appropriate stage of the appellate proceedings. Properly understood, the *Sessoms* ruling means only that a defendant sentenced under the guidelines may not belatedly raise the issue of their unconstitutionality as grounds for vacating an otherwise proper sentence. However, it does *not* follow, and *Sessoms* does *not* mean, that non-compliance with the guidelines alone can still be grounds for finding a "substantial question" that the sentence is inappropriate simply because the parties have *not* attacked the guidelines' constitutionality. To date, despite the *Sessoms* caveat that the guidelines' unconstitutionality must be raised to be applied, the supreme court has never found lack of compliance with the guidelines to be sufficient reason for overturning a sentence. *Compare Commonwealth v. Samuels,* 516 Pa. 300, 532 A.2d 404 (1987) (reinstating legal sentence which superior court had vacated on erroneous ground that it was imposed under unconstitutional portion of guidelines) *with Commonwealth v. Mourar,* 517 Pa. 83, 534 A.2d 1050 (1987) (per curiam) (vacating superior court's vacation of sentence entered on erroneous ground that guidelines were applied improperly; remanding in light of *Sessoms* ). Rather, because the guidelines are void ab initio, even a sentence that ignores them completely is not for that reason objectionable. A sentencing court's failure to follow the invalid guidelines cannot logically raise a "substantial question" about the appropriateness of a sentence, nor can non-compliance with them provide grounds for vacating a sentence, because the guidelines are *"of no force at all."* 516 Pa. at 380, 532 A.2d at 782. The *Sessoms* declaration that its ruling was available only to parties who had raised the guidelines' unconstitutionality therefore means only that to achieve reversal of a sentence, a party must have timely raised the unconstitutionality issue; it does not mean that the failure to follow the guidelines itself provides the requisite grounds for vacating a sentence.

For these reasons, I respectfully dissent.

BROSKY, Judge, dissenting:

I must respectfully dissent from the majority's resolution of this matter.

Initially, I do not concur in the majority's determination that *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987) is inapplicable *in its entirety* to the first issue presented in this appeal. I feel the majority has reached this determination by overlooking the significance of the placement of the footnote 2 annotation in the body of the *Sessoms* opinion.

The footnote in question arises in the following context:

.... Because the present guidelines were not adopted according to [the constitutional] scheme, however, but were the product of a rejection resolution that was not presented to the Governor in violation of Article III, § 9, they must be declared to be of no force at all. The appellant's sentence is vacated and his case remanded for resentencing pursuant to the remaining valid provisions of the Sentencing Code.[2]

---

[2.] This ruling is applicable to cases where the issue has been "properly preserved at all stages of adjudication up to and including and direct appeal." *Commonwealth v. Cabeza,* 503 Pa. 228, 233, 469 A.2d 146, 148 (1983).

*Sessoms,* supra, 516 Pa. at 380, 532 A.2d at 782. The footnote annotation does not follow the pronouncement that the Sentencing Guidelines "must be declared to be of no force at all", but, rather, annotates the directive for vacation and remand for resentencing "under the remaining valid provisions of the Sentencing Code". Hence, I interpret "(T)his ruling", in footnote 2, as a reference to the directive for resentencing only. In other words, I construe footnote 2 as limiting *the availability of the remedy of vacation and resentencing* in Guideline cases, to those cases in which the *precise Sessoms issue*, i.e. the unconstitutional passage of the Guidelines, has been preserved at all stages of adjudication. I do not believe it was the Supreme Court's intent to condition in any way its holding that the Guidelines were void *ab initio*, and to permit vacation and resentencing in other Guidelines cases where the appellant

has challenged only the *application of,* or a *deviation from,* the Guidelines, where the sentence is otherwise appropriate under the remaining valid provisions of the Sentencing Code.[1] Cf. *Sessoms,* supra, 516 Pa. at 380, 532 A.2d at 783. (Concurring Opinion by Papadakos, J.) ("(T)he

1. I am aware that several of my colleagues do not concur in my position, in light of the later Supreme Court decision in *Commonwealth v. Samuels,* 516 Pa. 300, 532 A.2d 404 (1987). In *Samuels,* the Supreme Court implicitly overruled this Court's interpretation of the enabling legislation at 42 Pa.C.S. § 2154, in *Commonwealth v. Tilghman,* 366 Pa.Super. 328, 531 A.2d 441 (1987) (en banc), and reinstated the original judgment of sentence as enhanced by prior non-deadly weapon misdemeanor convictions. It has been the position of many panels of this Court that, had *Sessoms* precluded consideration of other Guideline cases, *Samuels* would not have been necessary. However, I believe footnotes 3 and 4, 516 Pa. at p. 304, 532 A.2d at pp. 405–06, indicate precisely the opposite:

    3. It is noted that the effect of our decision is limited to the present case and others decided in reliance on the Superior Court's decision in it *where the Commonwealth has pursued the matter on appeal.* Act 165 of 1986, effective February 9, 1987, amended § 2154(2) to overcome the uncertainty caused by the Superior Court's decision in this case and even more explicitly provided the Commission with authority to increase the severity of guideline sentences on the basis of misdemeanors of any kind.

    . 4. Inasmuch as Samuels failed to preserve his *challenge to the constitutionality* of the sentencing guidelines, *Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775 (1987) is inapplicable. *See Commonwealth v. Cabeza,* 503 Pa. 228, 469 A.2d 146 (1983) (appellate decision announcing new principle to be applied "retroactively" to cases *where the issue in question is properly preserved* at all stages of adjudication up to and including any direct appeal.) *The trial court's sentence, being within the statutory limits, is not illegal and, in the absence of a valid claim of error properly preserved must be reinstated.*

    (Emphasis added to the original).

    The import of this language is clear. Where our Court has vacated and remanded for resentencing pursuant to a Guidelines misapplication or deviation, and the resentencing issue has been properly preserved on appeal to the Supreme Court, the original sentence will be reinstated, regardless of the Guidelines violation, unless the resentencing was ordered pursuant to a *Sessoms* challenge i.e. unconstitutional passage of the Guidelines. Where the original sentence is "within the statutory limits" and "not illegal", it will be permitted to stand. The remedy sought in *Samuels* was *not* a vacation and remand for resentencing pursuant to the void Guidelines, but the reinstatement of the original sentence as a valid sentence. As such, I do not concur in the conclusion reached by my other colleagues that *Sessoms* and *Samuels,* read together, permit a remand for resentencing sheerly for failure to conform to the void Sentencing Guidelines.

Sentencing Code, devoid of the Sentencing Guidelines, forms an adequate foundation to support sentences heretofore imposed by the judiciary.")

I therefore would find that the first issue presented, concerning the failure of the sentencing court to state reasons for its departure from the Guidelines, fails to raise a substantial question that the sentence was inappropriate under the Sentencing Code as a whole, and I would decline to resolve the first issue on the merits.[2]

Appellant secondly contends that the sentence imposed was manifestly excessive, in that the sentencing court failed to take into account the probation officer's recommendation, based upon presentence investigation. However, appellant has failed to give any reasons in his argument as to why the probation officer's recommendation should have been binding upon the sentencing court, and has not explained how the sentence imposed was in any way inconsistent with the gravity of the offense, the protection of the public, or appellant's rehabilitative needs.[3] See 42 Pa.C.S. § 9721(b). As such, I find appellant's second issue also fails to present a substantial question under the remaining valid provisions of the Sentencing Code.

As I believe appellant has not presented any substantial questions under the Sentencing Code, I would hold that he

2. Appellant's first issue, as set forth in his statement of questions presented, also challenges the adequacy of the sentencing court's reasons for the imposition of a severe sentence under the Sentencing Code as a whole. However, appellant's argument focuses upon the inadequacy of the reasons as they relate to the sentencing court's departure from the Guidelines. Hence, I would find that appellant has waived any challenge to the adequacy of the reasons as a whole, for failure to carry forth argumentation in his brief. *Trustees of the First Presbyterian Church of Pittsburgh v. Oliver—Tyrone Corp.*, 248 Pa.Super. 470, 375 A.2d 193, 194 n. 1 (1977) (en banc).

3. Appellant has explained his position, with respect to the sentencing criteria specified in 42 Pa.C.S. § 9721(b), in his argumentation of his first claim, concerning the adequacy of the sentencing court's statement of reasons. He has not, however, repeated that position, or made reference to it, in his argumentation pursuant to his excessiveness claim. Hence, I believe appellant has, once again, waived argumentation in his brief.

has waived all claims as to the appropriateness of his sentence, and would quash the current appeal.[4]

WIEAND, Judge, dissenting:

I respectfully dissent. In view of the Supreme Court decision in *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987), which held the sentencing guidelines invalid and of no effect, I would hold that appellant has failed to state a substantial issue regarding the discretionary aspects of the sentence imposed upon him by the trial court. See: *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987). Therefore, I would disallow the appeal.

OLSZEWSKI, Judge, dissenting:

I respectfully dissent.

I join in the view of the esteemed dissenting members of the Court that, pursuant to *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987), this appeal should be disallowed for lack of a substantial question regarding a discretionary aspect of sentencing. I do not agree, however, with the view expressed by the President Judge regarding *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

---

4. The Dissenting Opinion by Cirillo, P.J., would also quash the current appeal, but for a different reason: the failure of appellant to comply with Pa.R.A.P. 2119(f), as interpreted by *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). As I authored the Dissenting Opinion in *Commonwealth v. Krum*, 533 A.2d 134 (Pa.Super.1987) (en banc), I am clearly in agreement with his analysis that *Tuladziecki's* requirements are jurisdictional. It is only because I am constrained by precedent, as established by the *Krum* majority, that I am quashing on different grounds.