542 A.2d 575

**COMMONWEALTH of Pennsylvania**

v.

**Marvin PHILLIPS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 27, 1988.

Filed May 31, 1988.

220

William T. Morton, Assistant District Attorney, Erie, for Com., appellee.

James A. Pitonyak, Erie, for appellant.

Before BROSKY, WIEAND and DEL SOLE, JJ.

DEL SOLE, Judge:

Presented for our review are consolidated appeals from a Judgment of Sentence directing that Appellant be incarcerated for a period totaling 7½–15 years and from an order denying Appellant's motion to withdraw his guilty plea. On appeal Appellant contends that the court erred in imposing an excessive sentence and that the court improperly refused to permit him to withdraw a guilty plea which was not voluntarily or understandingly entered.

■ We will begin by examining Appellant's challenge to the entry of his guilty plea. Listed for our consideration are numerous allegations which Appellant contends would warrant a grant of his motion to withdraw the plea or an evidentiary hearing on this motion. Specifically Appellant alleges that counsel failed to inform him that he could receive consecutive sentences, that his prior juvenile adjudications would impact on his prior record score and that the arresting officer would not be subpoenaed to testify on his behalf at sentencing. Appellant also maintains that his youthful age (18 years) and limited educational background (9th grade) made it difficult for him to understand the total ramifications of his plea and that he was not aware that he was pleading guilty to three charges which were Felony III's.

The standard for granting a withdrawal of a guilty plea following sentencing is that of "manifest justice." That is, a defendant is entitled to withdraw a plea of guilty as a matter of right where the court finds that it was not voluntarily and intelligently made. *Commonwealth v. Carter*, 318 Pa.Super. 252, 464 A.2d 1327, 1333-4 (1983). However, the burden is on the petitioner to prove involuntariness. *Id.*, 318 Pa.Superior Ct. at 1333-1334, 464 A.2d at 1334.

Instantly, it is clear that Appellant did not meet his burden of proof. The record reflects that a thorough colloquy was conducted in which Appellant was specifically advised of the charges against him including the fact that they constituted "felony three's." (N.T. at 7). Appellant was also apprised of the possible severity of the sentences to which he was exposed and the fact that these sentences could be entered consecutively, or in the court's words: "one on top of the other". (N.T. at 8). When asked if he understood these facts, Appellant answered in the affirmative. (N.T. at 8). Although we are unable to discern from the record what representations counsel made to appellant concerning the presence of the arresting officer at sentencing, a discussion of the relation of these asserted representations and their effect on Appellant's plea would be of no value in view of our disposition of Appellant's sentencing issues. (See discussion *infra* ).

Appellants contention that his age and limited education resulted in an involuntary and unknowing plea is completely contrary to the attitude he demonstrated during sentencing. Appellant represented to the court that he understood the nature of the charges and the plea he was entering. Firmly entrenched within this Commonwealth's body of law is the principle "that a criminal defendant who elects to plead guilty has a duty to answer questions truthfully". *Commonwealth v. Mitchell*, 319 Pa.Super. 170, 465 A.2d 1284, 1286 (1983). Thus, we are not convinced that the court erred in entering an order denying Appellant the right to withdraw his guilty plea.

██ We next turn to a discussion of the challenges Appellant raises to the propriety of the sentence he received. Prefacing his argument on these issues, Appellant sets forth in his Brief specific reasons for challenging the discretionary aspect of his sentence. Among the allegations made by Appellant is a claim that the sentences were excessive and constituted an abuse of discretion since they were imposed consecutively without consideration (in determining the prior record score) of the fact that the crimes were part of an ongoing transaction. *See* 42 Pa.C.S.A. § 9721, 204 Pa.Code § 303.6 Concluding that Appellants concise statements of reasons relied upon for allowance of appeal constitutes a substantial question, we will address the merits of Appellant's claim of error. *See: Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987); Pa.R.A.P. 2119(f).

Appellant specifically contends that the sentencing court erred by using his prior record score of 6 in calculating the sentence for each conviction even though the offenses of conspiracy and theft at docket numbers 232 of 1987 and 353 of 1987 arose out of the same transaction. We are referred to the following provision:

### § 303.6  Consecutive sentences.

(a) When imposing sentences for convictions arising out of the same transaction, the prior record score is computed for the offense with the highest offense gravity score in such transactions. For the remaining offenses in such transaction, the prior record score shall be 0.

42 Pa.C.S.A. § 9721, 204 Pa.Code § 303.6

In determining whether crimes were part of the same "transaction" this court in *Commonwealth v. Fries,* 362 Pa.Super. 163, 523 A.2d 1134 (1987), referred to the comments of the Pennsylvania Commission on Sentencing.

A "transaction" is a crime or crimes which were committed by a defendant at a single time or in temporally continuous actions that are part of the same episode, event, or incident, *or which are conspiracy and the object offense.* "Spree" crimes are not part of the same

transaction unless they occurred as continuous actions not separated in time by law-abiding behavior. Pa.C. Sent.2d (September 1, 1986) p. 51.

*Id.*, 362 Pa.Superior Ct. at 171, 523 A.2d at 1137–1138. (emphasis added).

The record in the instant case reveals that Appellant pled guilty to criminal conspiracy at number 232 of 1987. At the plea hearing Appellant was informed that at number 232 he was charged with "conspir[ing] with one Thomas Roth . . . to engage in conduct which constitutes the crime of theft . . . and in furtherance thereof, you took a vehicle belonging to Mervin Troyer." (N.T. at 9–10). Appellant was also advised that at number 353 of 1987 he was charged with "unlawfully tak[ing] or exercise[ing] control over movable property of another, which was a 1980 Ford four-wheel drive pickup truck, having a value of $5,000 more or less . . . belonging to Mervin Troyer . . . with the intent of depriv[ing] the owner of that property." (N.T. at 10). It is clear that Appellant was convicted of conspiracy and theft involving the same vehicle and therefore these crimes should have been considered as a single transaction episode. Accordingly, Appellant's prior record score of 6 should have been applied to one of his convictions and a prior record score of zero should have been used in calculating the sentence for the remaining crime. Since both convictions were for offenses with the same gravity score it would not matter which sentence was computing using the zero record score; however, it is obvious that a vastly different result from the sentence imposed by the court would have been suggested by the guidelines had a zero record score been utilized.

On the charges of conspiracy and theft appellant was sentenced to 30–60 months on each charge, to run consecutively. Using a prior record score of six, this sentence would fall within the minimum range of 4–36 months suggested by the guidelines. But, using a record score of 0 the suggested minimum range would be 0–12 months. As noted by the court in *Commonwealth v. Fries, supra.,*

"thus, it is apparent that the range of sentences that are suggested by the guidelines vary substantially when the rule of 'single transaction' is applied to computation of the sentence." *Id.*, 362 Pa.Superior Ct. at 175, 523 A.2d at 1139. Because the court employed an incorrect prior record score, we find it necessary to vacate the Judgment of Sentence on Appellant's convictions for conspiracy at number 232 of 1987 and theft at number 353 of 1987 and we remand the case for resentencing on these convictions using the correct prior record score.[1]

■ The remaining sentence challenge presented by Appellant, which we consider on the sentences imposed for his convictions of conspiracy at 325 of 1987 and criminal mischief at 353 of 1987, is without merit. Appellant alleges that his prior counsel was ineffective for failing to subpoena a witness, Officer Lyle, to appear at sentencing and speak on the Appellant's behalf. Appellant maintains that Officer Lyle's absence forced the sentencing judge to render a sentence without full and accurate information. The sentencing transcript indicates that Appellant's counsel attempted to contact Officer Lyle the night before sentencing since the officer represented to counsel that he "would be happy to be here." (N.T. at 4). Although the officer did not appear at sentencing, counsel informed the court that Appellant had assisted Officer Lyle in other prosecutions, had provided the Union City Police Department with information, had cooperated with their investigations and had testified in at least one other prosecution. The Commonwealth did not refute this information.

We find Appellant was not prejudiced by counsel's inaction. The court was made aware of the substance of the

1. The Pennsylvania Supreme Court, in *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987), held that the Sentencing guidelines were invalid *in toto*. However, the Court also held in *Commonwealth v. Samuels*, 516 Pa. 300, 532 A.2d 404 (1987), that a failure to preserve a challenge to the constitutionality of the guidelines renders *Sessoms* inapplicable. *See also: Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987). The sentencing issues in the instant case are not moot since Appellant has not preserved a challenge to the constitutionality of the guidelines.

comments Officer Lyle would make if he were to appear and the Commonwealth did not contest counsel's statements. Further, Appellant does not supply this court with any specific information which the sentencing court was unable to consider because of Officer Lyle's absence. Accordingly, we reject this claim of error.

Judgment of Sentence affirmed as to the convictions for Conspiracy at 325 of 1987 and Criminal Mischief at 353 at 1987. Judgment of Sentence reversed as to the convictions for Conspiracy at 232 of 1987 and Theft by Unlawful Taking at 353 of 1987. Case remanded for resentencing consistent with this memorandum.

WIEAND, J., concurs in the result.

BROSKY, J., files a concurring opinion.

BROSKY, Judge, concurring:

I agree with the lead opinion's conclusion that the trial court committed no error in refusing appellant's request to withdraw his plea of guilty. I also join in its disposition of appellant's ineffectiveness claim, in which appellant alleges that prior counsel failed to subpoena a witness to appear at sentencing to speak on appellant's behalf, as meritless.

Bound by precedent, I concur, albeit with much constraint, in the majority's recognition of appellant's contention that the sentences he received were excessive and constituted an abuse of discretion in that they were imposed consecutively without consideration of the fact that the subject crimes were part of an ongoing transaction. The foregoing issue relates to a discretionary aspect of sentencing which concerns an erroneous application of the Sentencing Guidelines. See 42 Pa.C.S.A. § 9781(c). The lead opinion holds that this raises a substantial question which compromises the entire scheme of the Sentencing Code. *See Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987); 42 Pa.C.S.A. § 9781(b), Pa.R.A.P. 2119(f).

In *Commonwealth v. Sanchez*, 372 Pa.Super. 369, 539 A.2d 840 (1988) (en banc), a majority of this Court reached

the conclusion that the Supreme Court's decision in *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987), while voiding the Sentencing Guidelines because of their unconstitutional promulgation, nevertheless conditioned its holding upon proper preservation of this precise issue through all stages of the post-sentencing proceedings. In other words, *Sanchez* held that post-*Sessoms* consideration of a Guidelines question is still ripe and cognizable as raising a substantial question pursuant to *Commonwealth v. Tuladziecki, supra, unless the appellant preserves the specific* Sessoms *issue at all stages of adjudication. Sanchez* applies this issue preservation directive appearing in footnote 2 of *Sessoms* (*Id.*, 516 Pa. at 380, 532 A.2d at 782) to the following language in *Sessoms:*

> Because the present guidelines were not adopted according to this scheme, however, but were the product of a rejection resolution that was not presented to the Governor in violation of Article III, § 9, they must be declared to be of no force at all.

*Id.* However, the footnote reference is actually appended to the sentence immediately following the above:

> The appellant's sentence is vacated and his case remanded for resentencing pursuant to the remaining valid provisions of the Sentencing Code.[2]

---

[2.] This ruling is applicable to cases where the issue has been "properly preserved at all stages of adjudication up to and including any direct appeal." *Commonwealth v. Cabeza,* 503 Pa. 228, 233, 469 A.2d 146, 148 (1983).

Thus, the placement of the above footnote could rationally lead to the conclusion that the Sentencing Guidelines, due to their unconstitutional enactment, are now void *ab initio* as to *all* Guidelines-implicated cases, and, accordingly, proper preservation of the *Sessoms* issue triggers only the directive of sentence vacation and remand for resentencing under the still viable provisions of the Sentencing Code. A finding of invalidity of the Sentencing Guidelines as to a particular case implicating a Guidelines question does not rest upon preservation of the *Sessoms* issue in that specific

case. *Sessoms* voided these Guidelines *ab initio*. *See Commonwealth v. Sanchez, supra* (Brosky, J. dissenting).

Stated another way, an appellant need not raise a *Sessoms* challenge to preserve that issue, i.e., the constitutionally flawed enactment of the Guidelines. *Sessoms* holds that the Guidelines, because of this constitutional impairment, are void *ab initio*. It is only when the *Sessoms* question has been preserved throughout all adjudicative stages that the remedy of vacation of the judgment of sentence and remand for resentencing under the remaining constitutionally intact provisions of the Sentencing Code obtains. *See Commonwealth v. Sanchez, supra* (Brosky, J., dissenting).

Compelled and checked by precedent, however, I concur in the lead opinion's resolution of this issue.