566 A.2d 304

COMMONWEALTH of Pennsylvania

v.

Barbara J. KOZARIAN, Appellant.

Superior Court of Pennsylvania.

Argued March 28, 1989.

Filed Nov. 15, 1989.

Norma Chase, Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com.

Before WIEAND, DEL SOLE and MELINSON, JJ.

DEL SOLE, Judge.

Appellant takes this appeal from the judgment of sentence imposed following her guilty plea to charges of receiving stolen property, conspiracy, theft and forgery. Represented by new counsel she alleges that her prior counsel was ineffective for failing to preserve a claim that her sentence, which totaled 15 to 37 years, was incorrectly computed by utilizing a prior record score of 4 independently on each count to which she plead guilty.

The application of the following provision is relevant to a resolution of this issue:

§ 303.6 Consecutive Sentences.

(a) When imposing sentences for convictions arising out of the same transaction, the prior record score is computed for the offense with the highest offense gravity score in such transaction. For the remaining offenses in such transaction, the prior record score shall be 0.

42 Pa.C.S.A. § 9721, 204 Pa.Code § 303.6

To determine whether the convictions at issue were each a separate "transaction", thereby precluding the application of § 303.6, it is necessary to examine the facts established in the record.

### NUMBER 8512419A

At CC8512419A Appellant was sentenced to 1–2 years on a conspiracy charge and a consecutive term of 2–5 years on her conviction for Theft by Unlawful Taking. In formulating each of these sentences the court applied a prior record score of 4. A third charge to which Appellant plead guilty, Receiving Stolen Property, was found to have merged for sentencing purposes. The charges found at this number arose from an incident in which Appellant, posing as a prostitute, removed four $50.00 bills and a cashier's check in the amount of $3900.00 from the pants pocket of the victim, Richard A. Duessel.

In determining, for purposes of the sentencing provisions found at § 303.6, whether these crimes were part of the same "transaction" attention must be paid to the fact that

Appellant's prior record score was applied to both the theft charge and the conspiracy charge. A similar situation was found in *Commonwealth v. Phillips*, 374 Pa.Super. 219, 542 A.2d 575 (1988). Therein the court cited to an earlier decision and its reference to the comments of the Pennsylvania Commission on Sentencing.

A "transaction" is a crime or crimes which were committed by a defendant at a single time or in temporally continuous actions that are part of the same episode, event, or incident, *or which are conspiracy and the object offense.*

*Id.*, 374 Pa.Superior Ct. at 222–24, 542 A.2d at 577, *citing Commonwealth v. Fries*, 362 Pa.Super. 163, 523 A.2d 1134 (1987), *See* Pa.C.Sent.2d (September 1, 1986) p. 51.

The *Phillips* court found:

It is clear that Appellant was convicted of conspiracy and theft involving the same vehicle and therefore these crimes should have been considered as a single transaction episode. Accordingly, Appellant's prior record score of 6 should have been applied to one of his convictions and a prior record score of zero should have been used in calculating the sentence for the remaining crime. Since both convictions were for offenses with the same gravity score it would not matter which sentence was comput[ed] using the zero record score; however, it is obvious that a vastly different result from the sentence imposed by the court would have been suggested by the guidelines had a zero record score been utilized.

*Commonwealth v. Phillips, supra*, 374 Pa.Superior Ct. at 224, 542 A.2d at 578.

This language found in *Phillips* is equally applicable to the present case. The criminal Complaint filed makes clear that the Theft and Receiving Stolen Property charges were the objects of the conspiracy charge. The Complaint alleges that Appellant and another individual entered a conspiracy "with the intent of promoting or facilitating the crime of THEFT AND RECEIVING STOLEN PROPERTY, NAMELY $200.00 IN U.S. CURRENCY AND A CHECK FOR $3900.00 BELONGING TO RICHARD DUES-

SEL...." Accordingly, as in *Phillips*, the prior record score of 4 should have been applied to only one of the two convictions, which each had an offense gravity score of 5.

As stated, Appellant was sentenced to serve 24–60 months on the theft charge and 12–24 months on the conspiracy charge. With an offense gravity score of 5 and a prior record score of 4 the minimum range under the guidelines is 18–24 months, while the same offense gravity score using a zero prior record score would suggest a minimum sentence range of 0–12 months. "Thus, it is apparent that the range of sentences that are suggested by the guidelines vary substantially when the rule of 'single transaction' is applied to computation of the sentence." *Commonwealth v. Fries, supra*, 362 Pa.Super. at 175, 523 A.2d at 1139.

## NUMBER 8513167A

At a separate number Appellant was charged with 6 counts of forgery. The specific facts relating to these charges are not detailed in the record. The record does, however, establish that Appellant did forge the name of Arthur Collins on various checks. Checks numbered 311, 312 and 313 were each presented at Union National Bank on November 7, 1985 where a bank employee, who recognized Appellant as a bank customer, co-signed the checks which were then cashed. The next day Appellant engaged in the same process and checks numbered 315, 316, and 320 were cashed. The Commonwealth submits that each of the six counts arising out of the forgery of six checks was the result of a separate transaction. The Commonwealth reasons that because each check is a separate writing, a separate criminal act took place each time Appellant forged a check.

The trial court and the Commonwealth err, however, in focusing on the separate and distinct nature of Appellant's acts, rather than on the temporal relationship between the

crimes. The separate and distinct nature of the criminal acts are relevant to a merger inquiry. *See Commonwealth v. Dieterly*, 294 Pa.Super. 25, 439 A.2d 732 (1981) (where the court concluded that the convictions for forgery and theft by deception would not merge since appellant committed two successive and distinct acts when he signed the forged check without authority and then presented it for payment.) Although distinct, crimes which occur on a continuum within an episode or event are said to be part of the same transaction. The sentencing court must focus on whether the crimes are "temporally continuous actions, unseparated by law abiding behavior" as to constitute a transaction. *Commonwealth v. Fries, supra*, 362 Pa.Super. at 173–75, 523 A.2d at 1139.

■ In the instant case three checks numbered 311, 312 and 313 were presented at the same bank to the same bank employee on November 7, 1985, each bearing the forged signature of Arthur Collins. There is no indication in the record that Appellant separated these criminal acts by "law abiding behavior". Rather the record, including Appellant's guilty plea colloquy, indicates that these criminal activities occurred as part of one transaction. The fact that each forgery was a separate writing and the result of Appellant's independent decision to commit another crime is of no consequence for a determination of whether these distinct crimes were part of the same "transaction." *See Commonwealth v. Fries, Id.* (where defendant committed acts within a three day period during which he held his victim captive, separate crimes of rape, kidnapping involuntary deviate sexual intercourse, terroristic threats, simple assault and burglary were part of a single transaction for sentencing purposes).

Appellant received consecutive 2–5 year sentences for all three of these forgery convictions, and her prior record score of 4 was used in computing each of these sentences. As with the offenses at No. CC8512419A, the suggested

minimum range in the guidelines for a crime with an offense gravity score of 5 and a prior record score of 4 is 18–27 months, while the same conviction using a prior record score of 0 would suggest an appropriate minimum sentence to be in the range of 0–12 months. The sentencing court's failure to utilize a zero prior record score for two of the offenses which occurred within this transaction was clearly error which substantially altered the suggested sentencing ranges.

The same rationale applies equally to the remaining three forgery convictions. These charges stemmed from Appellant's conduct which occurred the next day when she presented checks numbered 315, 316 and 320 for payment. The prior record score of 4 should not have been applied to each of these convictions. While ordinarily this score should be applied to only the most serious offense, here each of the offenses were of equal gravity, thus, the prior record score should have applied to only one of the forgery convictions which occurred on November 7, 1985 and one of her convictions for her crimes of November 8, 1985.

■ For these reasons we conclude that Appellant received an inappropriate sentence. Because we are unable to conceive of any reason why counsel would have chosen to disregard this error we find that counsel was ineffective for failing to preserve this sentencing claim. We vacate the Judgment of Sentence in this case, remand the case for resentencing and direct the court to apply a prior record score of 4 to one of the convictions at CC8512419A, one of the convictions at CC8513167A which resulted from the November 7, 1985 forgeries and to one of the three convictions which resulted from the November 8, 1985 forgeries. The remaining convictions should be computed using zero as a prior record score.

Judgment of Sentence vacated. Case remanded for resentencing in accordance with this memorandum.