J-S73038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES F. WARD, | : | |
| | : | |
| Appellant | : | No. 1376 MDA 2014 |

Appeal from the Order entered on August 7, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, No(s):  CP-36-CR-0000568-2011;
CP-36-CR-0004619-2010

BEFORE:  BOWES, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 30, 2014**

James F. Ward ("Ward") appeals from the denial of his amended

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").

***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant facts as follows:

> On November 23, 2010, [] Ward[] was charged on docket
> number 4619-2010 with one count of involuntary deviate sexual
> intercourse with a person less than 16 years of age,[1] one count
> of indecent assault of a person less than 13 years of age,[2] two
> counts of indecent assault of a person less than 16 years of
> age[3] and three counts of corruption of minors.[4]

---

[1] 18 Pa.C.S.[A.] § 3123(a)(7).

[2] 18 Pa.C.S.[A.] § 3126(a)(7).

[3] 18 Pa.C.S.[A.] § 3126(a)(8).

[4] 18 Pa.C.S.[A.] § 6301(a)(1).

On March 30, 2011, [Ward] was charged on docket number 568-2011 with 40 counts of photographing or filming sexual acts involving children under 17 years of age[5] and 100 counts of possession of child pornography.[6]

On May 17, 2012, [Ward] entered an **Alford** plea[7] to the charges on docket number 4619-2010 pursuant to a negotiated plea agreement and a straight or open guilty plea to the charges on docket number 568-2011.  On September 24, 2012, after a presentence investigation, [Ward] was sentenced to an aggregate term of not less than 10 nor more than 20 years['] incarceration.  [W]ard did not file a post[-]sentence motion or direct appeal to the Superior Court.

_____

[5] 18 Pa.C.S.[A.] § 6312(b).

[6] 18 Pa.C.S.[A.] § 6312(d).

[7] **North Carolina v. Alford**, 400 U.S. 25, 91 S. Ct. 160 (1970).  This type of plea is a judicial admission of guilt, but allows the defendant to maintain his innocence.

_____

On August 19, 2013, [Ward] filed a *pro se* [Petition] for post conviction collateral relief.  Counsel was appointed, and on December 20, 2013, court-appointed counsel submitted a letter to the [c]ourt pursuant to **Commonwealth v. Finley**, 379 Pa. Super. 390, 558 A.2d 213 (1988), expressing his opinion that [Ward] raised no issues of arguable merit and stated the basis for this conclusion.  Court-appointed counsel also sought leave to withdraw.

[Ward] obtained new counsel and on February 18, 2014, [Ward's] current attorney filed an amended [Petition] on his behalf.

A hearing on the amended [Petition] was held on April 16, 2014.

PCRA Court Opinion, 8/7/14, at 1-2 (footnotes in original).

The PCRA court denied Ward's amended Petition on August 7, 2014. Ward filed a timely Notice of Appeal and a court-ordered Concise Statement of Matters Complained of on Appeal.

On appeal, Ward raises the following issue for our review: "[d]id the PCRA court err by failing to find that plea counsel[, Stephen W. Grosh, Esquire ("Attorney Grosh"),] provided ineffective assistance by providing inaccurate[,] misleading advice[,] resulting in [Ward] entering an unknowing, unintelligent and/or involuntary guilty plea and **Alford** plea?" Brief for Appellant at 4 (capitalization omitted).

Ward contends that, prior to the disposition of docket number 4619-2010, which involved allegations of sexual acts committed against three minor boys, Attorney Grosh told him that he would not receive a fair trial because of the nature of the allegations. **Id**. at 9. Ward claims that Attorney Grosh stated that the allegations against Ward were similar to those made against former Penn State football coach, Jerry Sandusky ("Sandusky"), and because the public was angered by Sandusky's actions, jurors would view Ward negatively. **Id**.

Ward contends that Attorney Grosh failed to explain the jury process to him, the manner in which potential jurors could be eliminated from the jury pool, or that he could seek severance of certain counts. **Id**. Rather, Ward asserts, Attorney Grosh emphasized the difficulty of defending against multiple allegations and told him that, because of the similarity of his case to

the allegations against Sandusky, Ward would not "stand much of a chance standing there before those three boys." *Id*.

Ward claims that the advice given by Attorney Grosh was misleading and inaccurate, and had the effect of inducing him into entering his pleas. *Id*. Ward contends that, had Attorney Grosh not given him this misleading and inaccurate advice, he would have exercised his right to a trial. *Id*. at 10. Ward asserts that the PCRA court erred by failing to find Attorney Grosh ineffective. *Id*.

In reviewing the denial of a PCRA Petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007) (citations omitted).

Tin its Opinion, the PCRA court set forth the relevant law, addressed Ward's ineffectiveness claim, and determined that it lacks merit. *See* PCRA Court Opinion, 8/7/14, at 2-13. Based on our review of the record, we conclude that the PCRA court's determination is supported by the record and free of legal error. *See id*. Accordingly, we affirm the PCRA court's Order denying Ward's amended Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2014

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :
:
vs. : Nos. 4619 - 2010
: 568 - 2011
JAMES F. WARD :

## OPINION AND ORDER

By CULLEN, J.

On November 23, 2010, Defendant, James F. Ward, was charged on docket number 4619-2010 with one count of involuntary deviate sexual intercourse with a person less than 16 years of age,[1] one count of indecent assault of a person less than 13 years of age,[2] two counts of indecent assault of a person less than 16 years of age[3] and three counts of corruption of minors.[4]

On March 30, 2011, Defendant was charged on docket number 568-2011 with 40 counts of photographing or filming sexual acts involving children under 17 years of age[5] and 100 counts of possession of child pornography.[6]

On May 17, 2012, Defendant entered an *Alford* plea[7] to the charges on docket number 4619-2010 pursuant to a negotiated plea agreement and a straight or open guilty

---

[1] 18 Pa. C.S. § 3123(a)(7).

[2] 18 Pa. C.S. § 3126(a)(7).

[3] 18 Pa. C.S. § 3126(a)(8).

[4] 18 Pa. C.S. § 6301(a)(1).

[5] 18 Pa. C.S. § 6312(b).

[6] 18 Pa. C.S. § 6312(d).

[7] *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct.160 (1970). This type of plea is a judicial admission of guilt, but allows the defendant to maintain his innocence.

plea to the charges on docket number 568-2011. On September 24, 2012, after a pre-sentence investigation, Defendant was sentenced to an aggregate term of not less than 10 nor more than 20 years incarceration. Defendant did not file a postsentence motion or a direct appeal to the Superior Court.

On August 19, 2013, Defendant filed a *pro se* motion for post conviction collateral relief. Counsel was appointed, and on December 20, 2013, court-appointed counsel submitted a letter to the Court pursuant to *Commonwealth v. Finley*, 379 Pa. Super. 390, 558 A.2d 213 (1988), expressing his opinion that Defendant raised no issues of arguable merit and stated the basis for this conclusion. Court-appointed counsel also sought leave to withdraw.

Defendant obtained new counsel and on February 18, 2014, Defendant's current attorney filed an amended motion on his behalf.

A hearing on the motion was held on April 16, 2014. At the conclusion of the hearing, the Court ordered the notes of testimony transcribed and established a briefing schedule. For the reasons set out below, the Court concludes that Defendant has failed to establish that he is entitled to relief. Accordingly, the amended motion will be denied.

## Discussion

In order to be eligible for relief under the Post Conviction Relief Act (the "Act"), a defendant must satisfy the requirements of 42 Pa. C.S. § 9543 which provide in pertinent part:

2

## § 9543. Eligibility for relief

**(a)  General rule.**--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of the Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation, or parole for the crime;

. . .

(2) That the conviction or sentence resulted from one or more of the following:

. . .

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

. . .

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa. C.S. § 9543(a).

The defendant bears the burden of establishing by a preponderance of the evidence that his conviction resulted from one or more of the enumerated errors listed in the Act. *Commonwealth v. Fears,* 86 A.3d 795, 803 (Pa. 2014); *Commonwealth v. Crawley,* 541 Pa. 408, 412, 663 A.2d 676, 678 (1995).

Since Defendant's post conviction motion involves a claim of ineffective assistance of counsel, the following standards apply.  Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a

3

sufficient showing by the petitioner. *Fears*, 86 A.3d at 804 (citations omitted). To obtain relief, the petitioner must demonstrate that counsel's performance was deficient and that deficiency prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068; *Commonwealth v. Mallory*, 596 Pa. 172, 201, 941 A.2d 686, 704 (2008). Applying the *Strickland* performance and prejudice test, the Pennsylvania Supreme Court has noted that a properly pled claim of ineffective assistance of counsel posits that:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) [the petitioner] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Fears*, 86 A.3d at 804 (quoting *Commonwealth v. Lesko*, 609 Pa. 128, 15 A.3d 345, 37-74 (2011) (citations omitted)).

In evaluating a properly presented claim of ineffective assistance of counsel, a reviewing court will examine the basis for counsel's action only if it is first persuaded that the course of action forgone had arguable merit. *Commonwealth v. Pursell*, 555 Pa. 233, 255-56, 724 A.2d 293, 304 (1999). If the claim is without merit, the inquiry ends because counsel will not be deemed ineffective for failing to pursue a meritless, baseless or frivolous claim. *Commonwealth v. Rega*, 593 Pa. 659, 696, 933 A.2d 997, 1019 (2007).

In evaluating the second prong of the standard which requires an examination of counsel's conduct, the court must not employ a hindsight evaluation that examines whether

4

other actions were more reasonable. *Commonwealth v. Zook*, 585 Pa. 11, 26, 887 A.2d 1218, 1227 (2005). Rather, a court must deem counsel to have been effective so long as the course which counsel chose was not unreasonable in acting to effectuate his or her client's interests. *Id.* Thus, a party must demonstrate that counsel's strategy was "so unreasonable that no competent lawyer would have chosen that course of conduct." *Commonwealth v. Chmiel*, 585 Pa. 547, 614, 889 A.2d 501, 541 (2005) (citing *Commonwealth v. Williams*, 537 Pa. 1, 29, 640 A.2d 1251, 1265 (1994)).

The third prong of the standard is of greatest significance. The Pennsylvania Supreme Court has consistently held that if the party asserting the claim has not established the prejudice prong, the claim may be dismissed on that basis alone without a determination of whether the party met the first two prongs of the standard. *Chmiel*, 585 Pa. at 613, 889 A.2d at 540; *Commonwealth v. Brown*, 582 Pa. 461, 481, 872 A.2d 1139, 1150 (2005); *Commonwealth v. Travaglia*, 541 Pa. 108, 118, 661 A.2d 352, 357 (1995).

This "prejudice inquiry requires consideration of the totality of the evidence." *Commonwealth v. Spotz*, 582 Pa. 207, 228 n.15, 870 A.2d 822, 835 n.15 (2005) (quoting *Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069) (internal quotation marks omitted). Only in the absolute rarest of circumstances, those where counsel completely failed to oppose the prosecution's case, for example, may prejudice be presumed. *Id.* at 227, 870 A.2d at 834 (citing *Florida v. Nixon*, 543 U.S. 175, 179, 125 S. Ct. 551, 555 (2004); *Bell v. Cone*, 535 U.S. 685, 696-97, 122 S. Ct. 1843, 1851 (2002); *United States v. Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 2047 (1984)). The defendant must demonstrate that "there is a reasonable probability that the result of the proceeding would have been different absent

5

[counsel's] error." *Lesko*, 609 Pa. at 176, 15 A.3d at 373. That is, there must be a "reasonable probability that the outcome of the proceedings would have been different had counsel not been ineffective in the relevant regard – *i.e.*, that the defendant was prejudiced as a result of counsel's act or omission." *Commonwealth v. Dennis*, 597 Pa. 159, 175, 950 A.2d 945, 954 (2008).

"Failure to prove any prong of this test will defeat an ineffectiveness claim." *Fears*, 86 A.3d at 804 (citing *Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 738 n.23 (2000)).

A defendant has the right to effective assistance of counsel during the plea process as well as during trial. *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007). Allegations of ineffective assistance of counsel in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Commonwealth v. Allen*, 557 Pa. 135, 144, 732 A.2d 582, 587 (1999). To determine whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of the plea. *Id.* "The law does not require that [a defendant] be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [the defendant's] decision to plead guilty be knowingly, voluntary, and intelligently made.'" *Commonwealth v. Diaz*, 913 A.2d 871, 873 (Pa. Super. 2006) (citing *Commonwealth v. Lewis*, 708 A.2d 497, 500-01 (Pa. Super. 1998)).

As fact finder in a proceeding for post conviction relief that is based on a claim of ineffective assistance of counsel, the credibility of witnesses remains exclusively within the

6

province of the hearing court. *Commonwealth v. Pate*, 421 Pa. Super. 122, 132, 617 A.2d 754, 760 (1992) (citing *Commonwealth v. Moore*, 321 Pa. Super. 442, 450-51, 468 A.2d 791, 795 (1983)). An appellate court, therefore, "must give great weight to the findings of a lower court concerning the credibility of witnesses in a post-conviction proceeding." *Commonwealth v. Dupert*, 555 Pa. 547, 557, 725 A.2d 750, 755 (1999) (citing *Commonwealth v. Madison*, 501 Pa. 485, 491, 462 A.2d 228, 231 (1983)).

In his amended motion, Defendant alleges his pleas were not entered knowingly, intelligently and voluntarily due to erroneous advice provided by plea counsel. (Am. Pet., ¶¶ 15-16). Specifically, Defendant claims plea counsel told him he would not receive a fair trial because jurors would have a negative view of him due to the nature of the charges and the media attention given to cases involving similar charges, particularly that of *Commonwealth v. Sandusky*.[8] (*Id.* at ¶ 11, 13). Defendant maintains that had plea counsel not given him this advice, he would have exercised his right to a trial. (*Id.* at ¶ 16).

Defendant also claims plea counsel was ineffective for failing to explain the jury selection process to him and for failing to explain that he could seek severance of the charges on docket number 4619-2010.[9] (Def.'s Mot., ¶¶ 13-14, 17).

---

[8]Defendant was charged with numerous sexual offenses committed against young men. When Defendant was charged with these offenses, the case of *Commonwealth v. Sandusky* was generating a large amount of media interest. Among the factors receiving media coverage were the nature of the charges against Mr. Sandusky, the number of and ages of the victims, his involvement with the Pennsylvania State University football team and his charity, the way the investigation was conducted and its impact on the race for Pennsylvania Attorney General in the 2012 election.

[9]In his amended motion, Defendant challenges his pleas on both docket numbers. However, there was no testimony elicited at the hearing regarding Defendant's open guilty plea on docket number 568-2011. Counsel argued that if the plea on docket number 4619-2010 is invalidated, then it follows that both guilty pleas should be invalidated, even though Defendant entered an open guilty plea on docket number 568-2011. (N.T., April 16, 2014, 25). Defendant failed to address this issue in his post-hearing submission. Accordingly, any claim Defendant has as to the validity of his guilty plea on docket number 568-2011 is waived and the Court will not address it.

7

During the hearing on Defendant's amended PCRA motion, he maintained that he did not commit the offenses with which he was charged on docket number 4619-2010. (N.T., April 16, 2014, 7-8). Defendant claimed that he communicated his innocence to plea counsel. (Id. at 8, 19).

Defendant and plea counsel met between eight and 12 times during the course of plea counsel's representation. (Id. at 9). During these meetings, Defendant testified that plea counsel told him that he would not "stand much of a chance" at trial due to the nature of the charges and due to the media coverage which had been given to cases involving similar allegations. (Id. at 9, 23). Defendant stated that plea counsel never informed him that he could question potential jurors during jury selection and that he could request to remove those from the jury panel who expressed that they could not be fair and impartial. (Id. at 9-10). Further, Defendant testified that had he known about the jury selection process, he would have elected to go to trial rather than plead guilty. (Id. at 10-11).

On cross-examination, Defendant conceded that he knew what the jury selection process entailed and had known this for many years prior to his arrest and his meetings with plea counsel. (Id. at 12). He also admitted that the Court went over his right to a jury trial and how the jury selection process worked, and that by pleading guilty, he was giving up his right to a trial. (Id. at 13-15). Defendant stated he never told plea counsel that he wanted a jury trial and that plea counsel never told him he could not have a trial if he wanted one. (Id. at 19, 21-22). Defendant testified he was led somehow to believe that he would not receive a fair trial after discussing his options with plea counsel, but that plea counsel never told him he would not receive a fair trial. (Id. at 11).

8

Defendant testified that it was ultimately his decision to plead guilty. (*Id.* at 15). He and plea counsel discussed the different types of guilty pleas due to Defendant's concerns about the facts of his case appearing in the newspaper if he pled guilty or went to trial. (*Id.* at 15-18). Defendant chose to enter an *Alford* plea because he could still maintain his innocence. (*Id.* at 16).

Plea counsel testified that during his numerous meetings with Defendant he discussed Defendant's right to a trial either by a judge or by a jury as well as his option of pleading guilty. (*Id.* at 29). During one meeting in which they reviewed discovery, specifically, the forensic interviews of the three victims, Defendant expressed his desire to plead guilty. (*Id.* at 30). Plea counsel testified that he reminded Defendant several times of his right to a trial, but that every time he raised the issue, Defendant would become angry and agitated. (*Id.* at 30-31). Defendant never told plea counsel that he wished to go to trial, and never wavered on his stance to plead guilty. (*Id.* at 31-33, 35). Plea counsel discussed the several different kinds of guilty pleas with Defendant, and Defendant never expressed to him that he did not want to plead guilty and go to trial. (*Id.* at 32, 35).

Plea counsel discussed Defendant's options with him multiple times, including his right to a trial by a judge or a jury, possible severance of the charges and the docket numbers, and the evidence that was likely to be admitted by the Commonwealth. (*Id.* at 31, 35, 39-40). Plea counsel discussed what Defendant's options were with him until at least two days before the plea to ensure that Defendant wanted to plead guilty. (*Id.* at 31, 35). At that point, Defendant had already listed his home for sale and had began disposing of his personal effects. (*Id.* at 35).

9

Plea counsel stated that he may have discussed the generalities of the *Sandusky* case with Defendant, but that it had only come up in passing, and had no impact on Defendant's decision to plead guilty. (*Id.* at 32, 34). While plea counsel did tell Defendant that, in counsel's opinion, he had a difficult case to defend due to the forensic interviews of the victims and incriminating statements made by Defendant, he never told Defendant that his case would be difficult to defend due to the prevalence of the *Sandusky* case in the media. (*Id.* at 37-38).

A defendant who chooses to plead guilty has a duty to answer questions truthfully during the colloquy and will be bound by those answers. *Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999); *Commonwealth v. Phillips*, 374 Pa. Super. 219, 222, 542 A.2d 575, 577 (1988). The defendant cannot assert grounds for withdrawing his guilty plea that contradict the statements he made during the guilty plea colloquy. *Stork*, 737 A.2d at 790-91.

The Court conducted a thorough oral colloquy on the record with Defendant. During this colloquy, the Court informed Defendant of his right to trial by jury or by a judge sitting without a jury. (N.T., May 17, 2012, 25-26). The Court explained:

> A jury would consist of 12 people from Lancaster County who are eligible for jury service. You and [plea counsel] could participate in the selection of the jury. You could excuse people from jury service if they could not follow my instructions on the law or if they could not be fair to you or for any other legitimate reason.

(*Id.* at 25). The Court also explained that by pleading guilty, Defendant was giving up his right to a trial and the right to file any pretrial motions, including a motion to sever the

10

charges on each docket number and have them tried separately. (*Id.* at 28-29). Defendant indicated that he understood. (*Id.* at 29).

Defendant also indicated on the written guilty plea colloquy that he understood he had the right to a trial by jury, how the jury selection process worked, and that by pleading guilty, he was giving up that right. (Guilty Plea Colloquy, ¶¶ 11-14). Defendant also stated both on the written colloquy and during the oral colloquy that he had not been threatened or forced to plead guilty and that he made the decision to plead guilty of his own free will. (Guilty Plea Colloquy, ¶¶ 49-52; N.T., May 17, 2012, 39, 42). He stated that he had sufficient time to speak with plea counsel, that he was satisfied with plea counsel's work on his behalf and had no complaints about what plea counsel did or did not do on his behalf. (N.T., May 17, 2012, 33-34).

Defendant asserts that his guilty plea was not knowing, intelligent and voluntary due to plea counsel's erroneous advice regarding the difficulty of his case to defend and because plea counsel did not advise him that he could strike potential jurors from the jury panel or that he could seek to have the counts or the docket numbers severed for trial.

Based on the demeanor of the witnesses, the consistency of the testimony and the interest of the parties, the Court does not find Defendant's assertions that he was unaware of the jury selection process and that plea counsel told him he would not receive a fair trial, thereby inducing him to plead guilty, to be credible.

At the evidentiary hearing, Defendant testified that he was aware that he had a right to a trial and how the jury selection process worked at the time of his guilty plea. A review of the transcript from the guilty plea hearing, as well as Defendant's and plea counsel's

11

testimony from the evidentiary hearing, reveals that Defendant was, in fact, informed of his right to a trial by jury or by a judge sitting without a jury, that he could strike jurors from the panel who could not be fair to him, and that he could seek to have the cases severed. Defendant understood that he was waiving his right to a jury trial at the time of his guilty plea and Defendant's claims to the contrary are without merit.

The Court does not find Defendant's contention that plea counsel told him he would not receive a fair trial due to the extensive media coverage of other cases involving sexual misconduct against young males to be credible. While plea counsel told Defendant his case was difficult to defend, it is clear that this conversation occurred in plea counsel's efforts to ensure Defendant had the necessary information to make an informed decision to plead guilty or go to trial and was based on counsel's evaluation of the evidence which he had reviewed with Defendant. Considering the quantum of evidence against Defendant, plea counsel had a reasonable basis for informing Defendant of the likelihood of prevailing at trial.

The Court finds plea counsel's testimony that he reminded Defendant on several occasions of his right to a trial, but Defendant continued to assert he wanted to plead guilty, to be credible. Defendant admitted that plea counsel never told him he could not have a jury trial if he elected to do so, and that based upon his discussions with plea counsel he was "led to believe" he was not likely to prevail at trial. The Court concludes that plea counsel's advice in this regard was appropriate.

Defendant appears to be engaging in a hindsight review of his decision to plead guilty. The law does not require that Defendant be happy with the outcome of his plea,

12

only that his plea was knowing, intelligent, and voluntary. Defendant has failed to produce sufficient evidence to sustain his burden of showing that his claims have arguable merit or that he was prejudiced by plea counsel's advice. Therefore, the Court finds Defendant is not entitled to relief.

Accordingly, the Court enters the following:

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA  :

              vs.                :         Nos. 4619 - 2010
                                      568 - 2011

      JAMES F. WARD           :

## O R D E R

AND NOW, this 7th day of August, 2014, Defendant's amended motion for post

conviction collateral relief is denied.

BY THE COURT:

_JAMES P. CULLEN, JUDGE_

Attest:

Copies to:
     Trista M. Boyd, Esquire
     Christopher P. Lyden, Esquire

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

Joshua G. Parsons
Clerk of the Courts