J-S01012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LAVONDA OAKS, | : | |
| | : | |
| Appellant | : | No. 2198 EDA 2014 |

Appeal from the Judgment of Sentence June 12, 2013
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No: CP-51-CR-0003408-2011

BEFORE: GANTMAN, P.J., MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 03, 2016**

Lavonda Oaks ("Oaks") appeals from the judgment of sentence imposed following her guilty plea to aggravated assault and possession of an instrument of crime ("PIC"). **See** 18 Pa.C.S.A. §§ 2702(a); 907. We affirm.

On February 12, 2011, Oaks, upon hearing that Jacquelyn Ceriale ("Ceriale") was seeing a man Oaks considered to be her boyfriend, drove to the man's house and confronted him and Ceriale. Oaks then stabbed Ceriale three times with a butcher knife. As a result of the stab wounds, Ceriale required stitches in her left breast and had permanent damage to the tendon and artery in her left hand.

The trial court set forth the relevant procedural history as follows:

On February 12, 2011, [Oaks] was arrested and charged with [various crimes, including attempted murder.] On September 29, 2011, [Oaks] entered an open plea of guilty to the charges of [a]ggravated [a]ssault and PIC. Pursuant to the plea agreement[,] the Commonwealth *nolle prossed* the charge of [a]ttempted [m]urder. Subsequently, on June 12, 2013, [Oaks] was sentenced to consecutive periods of confinement in a state

correctional institution of eight to twenty years on the charge of [a]ggravated [a]ssault and two to five years on the charge of PIC[,] for a total period of confinement of ten to twenty-five years.

On June 21, 2013, [Oaks] timely filed a [P]ost[-S]entence [M]otion pursuant to [Pa.R.Crim.P.] 720, seeking reconsideration of her sentence. Unable to secure her presence from custody, the [trial c]ourt[,] on September 13, 2013, issued an Order granting a thirty[-]day extension pursuant to [Pa.R.Crim.P.] 720(B)(3)(b). After numerous delays in securing [Oaks's] presence, the [trial c]ourt held a hearing and denied her [M]otion on May 15, 2014. On May 21, 2014, [Oaks] filed a "Second Motion for Reconsideration of Sentence," which the [trial c]ourt denied on June [17], 2014.

On July 14, 2014, [Oaks] filed the instant *pro se* appeal to the Superior Court of Pennsylvania. On July 17, 2014, Richard T. Brown, Jr., Esq., entered his appearance as appellate counsel. On August 7, 2014, [the trial c]ourt filed and served on [Oaks] an Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing [Oaks] to file and serve a Statement of Errors Complained of on Appeal within twenty-one days of [the trial c]ourt's Order. On August 28, 2014, [Oaks] [] timely filed a Statement of Errors Complained, pursuant to [Rule] 1925(b)....

Trial Court Opinion, 1/20/15, at 1-2 (footnote omitted).

On appeal, Oaks raises the following questions for our review:

1. Is the appeal timely where [Pennsylvania Rules of Criminal Procedure] 720 and 114 were violated?

2. Does the jury-trial right of the [S]ixth [A]mendment forbid use of prior juvenile adjudications in adult sentencings?

3. Did the [trial] court err by pre-judging all psychologists as hopelessly biased?

4. Did the [trial] court abuse its discretion by imposing consecutive sentences reaching the statutory maxim[um] without calculating the guideline ranges, adequately

- 2 -

explaining upward departures, double counting, and ignoring [] mental illness and other issues?

Brief for Appellant at 2.

Initially, we must determine whether Oaks filed a timely Notice of Appeal. *See, e.g., id*. at 4-5; Brief for the Commonwealth at 6-8. The Commonwealth argues that Oaks's appeal arises from the denial of her second Motion for Reconsideration on June 17, 2014. Brief for the Commonwealth at 6. The Commonwealth claims that under Pa.R.A.P. 903(a), Oaks had until July 17, 2014, to file a timely appeal, but did not file the appeal until August 6, 2014.[1] Brief for the Commonwealth at 6. Oaks argues that because the trial court failed to issue a written order when it denied her Motion for Reconsideration on May 15, 2014, the appeal should be deemed timely. Brief for Appellant at 4-5. Oaks also argues that the trial court failed to fulfill the requirements of Pa.R.Crim.P. 720(B)(4), including informing her of the right to appeal and the time limits within which to file an appeal. Brief for Appellant at 5.

It is well-settled that "[t]ime limitations for taking appeals are strictly construed and cannot be extended as a matter of grace." *Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014). "Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal." *Id*. However, courts have the power to extend the filing period in

---

[1] It is unclear why the Commonwealth states that Oaks filed the Notice of Appeal on August 6, 2014. The docket clearly states that the trial court ordered Oaks to file a Rule 1925(b) concise statement on August 6, 2014.

cases of "fraud or breakdown in the processes of the court."

***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007).

> In cases where no post-sentence motions (or Commonwealth's motions to modify sentence) are filed, a defendant must file an appeal within 30 days of imposition of sentence in open court. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3). If a defendant files a timely post-sentence motion, the appeal period does not begin to run until the motion is decided. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(a). Except in circumstances not applicable here, a defendant must file a post-sentence motion within ten days of imposition of sentence. Pa.R.Crim.P. 720(A)(1). An untimely post-sentence motion does not toll the appeal period.

***Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa. Super. 2015)

(paragraph break omitted).

Here, the trial court sentenced Oaks on June 12, 2013. Oaks filed a timely Post-Sentence Motion on June 21, 2013. At the hearing on the Motion,[2] the trial court orally denied the Motion. The court then directed Oaks's attorney to state her appellate rights:

> [Oaks's Attorney]: [] Oaks, you have ten days from today to file a motion to the court to reconsider sentence, and 30 days to appeal to the Superior Court; do you understand that?
>
> Court: Yes.

N.T., 5/15/14, at 74. Oaks did not state anything at this point of the hearing. Thereafter, the trial court entered a written Order denying the

---

[2] The trial court noted that Oaks's Post-Sentence Motion was not denied by operation of law under Pa.R.Crim.P. 720(B)(3) based on a breakdown in the court system. *See* Trial Court Opinion, 1/20/15, at 2 n.1. The trial court noted that there were multiple delays in securing Oaks's appearance at the hearing on the Post-Sentence Motion. ***See id***.

Motion. Order, 5/15/14. On May 21, 2014, Oaks filed a second Motion for Reconsideration of Sentence.[3] The trial court scheduled a hearing, at which Oaks's attorney stated that he had filed the second Motion to "preserve an appeal." N.T., 6/17/14, at 4. In response to a question from the trial court as to why Oaks could not just file an appeal from the initial denial of the Post-Sentence Motion on May 15, 2014, Oaks's attorney stated that the appeal would be waived without the denial of another motion to reconsider. *Id*. The trial court then denied the second Motion for Reconsideration on June 17, 2014. *Id*. at 6; *see also* Order, 6/17/14. On July 14, 2014, Oaks filed a Notice of Appeal.

Instantly, Oaks had until June 16, 2014,[4] thirty days after the denial of her timely Post-Sentence Motion, to file a timely notice of appeal. *See* Pa.R.A.P. 903(a); *Capaldi*, 112 A.3d at 1244. Thus, although Oaks filed an untimely Notice of Appeal, and counsel's ineffectiveness in misinterpreting the relevant rules does not permit courts to ignore jurisdictional limitations, we conclude that the trial court's acquiescence to the misinformation given to Oaks regarding her appellate rights created a breakdown in the court process. *See Commonwealth v. Coolbaugh*, 770 A.2d 788, 791 (Pa.

---

[3] Oaks did not seek to file a post-sentence motion *nunc pro tunc*. However, even if Oaks had filed such a motion, this would not have tolled the appeal period as a defendant may only make such a request within 30 days of imposition of sentence, and the trial court must expressly permit the filing of a post-sentence motion *nunc pro tunc* within 30 days of imposition of sentence. *See Capaldi*, 112 A.3d at 1244.

[4] Thirty days after May 15, 2014, was Saturday, June 14, 2014.

Super. 2001) (declining to quash the appeal where "the problem arose as a result of the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation."); **see also Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa. Super. 2003) (declining "to quash this appeal because [appellant's] error resulted from the trial court's misstatement of the appeal period, which operated as a 'breakdown in the court's operation.'") (citation omitted); **Commonwealth v. Bogden**, 528 A.2d 168, 170 (Pa. Super. 1987) (holding that the appeal would not be quashed as untimely when the trial court misinformed defendant by not advising him that an appeal had to be taken within thirty days of the entry of the judgment of sentence). Thus, we decline to quash Oaks's appeal.[5]

We will address Oaks's remaining claims together. Oaks contends that the trial court abused its discretion in imposing harsh and excessive aggravated range sentences that were imposed consecutively. Brief for

---

[5] We note that a decision to quash the appeal on these grounds would not afford Oaks an opportunity to litigate a direct appeal, as she could not file a timely Post Conviction Relief Act ("PCRA") petition to reinstate her direct appeal rights *nunc pro tunc*. Our Supreme Court has held that where "no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA." **Commonwealth v. Brown**, 943 A.2d 264, 268 (Pa. 2008). Here, even if we start the direct appeal period on the date that the trial court denied the Post-Sentence Motion, Oaks's judgment of sentence would have been final on July 17, 2014, and she would have had until July 17, 2015, to file a timely PCRA petition. Thus, a quashal of Oaks's appeal would prohibit a merits review of her claims, as she could not file a timely PCRA Petition seeking the reinstatement of her direct appeal rights.

- 6 -

Appellant at 9-13, 14. Oaks argues that the trial court did not consider certain mitigating factors in imposing the sentence, including her mental illness and that she had given birth to a child just prior to sentencing. *Id*. at 10. Oaks asserts that the trial court failed to consider the psychological and psychiatric testimony, which recommended mental health treatment and therapy. *Id*. at 7-8, 13-14. Oaks also asserts that the trial court erred in considering her prior juvenile adjudication during sentencing. *Id*. at 5-7; *see also id*. at 5 (wherein Oaks argues that the Sixth Amendment of the United States Constitution prohibits the consideration of prior juvenile adjudications). Oaks claims that the trial court double counted her juvenile adjudication, both as part of the prior record score and as a reason to impose the excessive sentence. *Id*. at 14. Oaks additionally argues that the trial court did not consider the sentencing guidelines and failed to provide reasons for its sentence. *Id*. at 10, 11-12, 13.

Oaks's claims challenge the discretionary aspects of her sentence.[6, 7]

**See Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010).

> An appellant challenging the discretionary aspects of [her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

---

[6] Oaks entered an open guilty plea, so her plea did not preclude a challenge to the discretionary aspects of her sentence. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa. Super. 2005).

[7] We note that Oaks argues that the consideration of her juvenile adjudications implicates the legality of sentence. **See** Brief for Appellant at 5-7. However, issues regarding whether juvenile adjudications may be included in computing prior record scores implicate a discretionary aspect of sentencing claim, not a legality of sentence claim. **See Commonwealth v. Billett**, 535 A.2d 1182, 1183 n.2 (Pa. Super. 1988) (stating that "[t]he question whether juvenile adjudications may properly be included in computing prior record scores implicates a discretionary aspect of sentencing and not sentencing legality."); **see also Commonwealth v. Hale**, 2015 WL 9284110, *2 (Pa. 2015).

***Moury***, 992 A.2d at 170 (citations and quotation marks omitted).

Here, Oaks filed a timely Notice of Appeal, raised her claims in a Post-Sentence Motion, and included a Rule 2119(f) Statement in her brief. Oaks's claim that the trial court improperly considered her prior juvenile adjudication in calculating the prior record score raises a substantial question. ***See Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa. Super. 2003) (holding that a contention that the trial court miscalculated a prior record score raises a substantial question). Moreover, Oaks's claim that the trial court did not set forth its reasons for the sentence on the record raises a substantial question. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa. Super. 2006) (stating that appellant's claim that the trial court did not its state reasons for sentence on the record for imposing an excessive sentence raises a substantial question). Thus, we will review Oaks's sentence.

Our standard of review for challenges to discretionary aspects of sentencing is well settled:

> [S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

***Id***. at 1252-53 (citation omitted).

Initially, we observe that under the Sentencing Guidelines, prior juvenile adjudications are counted in the prior record score where "(1) [t]he

- 9 -

juvenile offense occurred on or after the offender's 14th birthday, and (2) [t]here was an express finding by the juvenile court that the adjudication was for a felony …." 204 Pa. Code § 303.6(a). However, juvenile adjudications are not counted in a prior record score for crimes committed when the offender is twenty-eight years of age or older at the time the current offense at issue was committed. *Id*. § 303.6(c)(1).

Here, in 2008, Oaks was adjudicated delinquent for aggravated assault, a felony, after she had stabbed her aunt in an unprovoked attack. N.T., 6/12/13, at 5, 14. Oaks was seventeen years old at the time of the attack, and was nineteen years old at the time of the attack in the case at bar. Thus, the trial court's finding that the prior record score was a 2, based upon Oaks's prior juvenile adjudication of delinquency, was supported by the record.

With regard to Oaks's sentence, the record reveals that the trial court had the benefit of the pre-sentence investigation report ("PSI"). **See** Trial Court Opinion, 1/20/15, at 10; N.T., 6/12/13, at 7; **see also Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (stating that where the sentencing court had the benefit of a PSI, it will be presumed that it is aware of appropriate sentencing factors, all relevant information regarding the defendant's character, and weighed those considerations along with mitigating statutory factors; further, the requirement that reasons for imposing sentence be placed on the record by

indicating that he or she has been informed by the report is satisfied). In imposing the aggravated-range sentences, the record reflects that the trial court took into account the Sentencing Guidelines; the mental health evaluations; Oaks's psychiatric report; the severity of the offense; the impact on the victim, Ceriale; Oaks's criminal history; Oaks's rehabilitative needs; the protection of the community; and the fact that Oaks gave birth to a child just before sentencing. **See** Trial Court Opinion, 1/20/15, at 10-14; N.T., 6/12/13, at 8, 10-13, 15, 26, 34, 36, 48-57, 58-59, 61-63.

The trial court further noted that while Oaks accepted responsibility for the crimes, her criminal history included a similar incident wherein Oaks used a knife to stab her aunt, she was a danger to the community, and a lesser sentence would devalue the seriousness of the crime in this case. **See** Trial Court Opinion, 1/20/15, at 12-13; N.T., 6/12/13, at 50, 58-59, 61-63; **see also** 204 Pa. Code § 303.6(c)(2) (stating that nothing in the section pertaining to prior juvenile adjudications in the Sentencing Guidelines "shall prevent the court from considering lapsed prior adjudications at the time of sentencing."); **Commonwealth v. Andrews**, 720 A.2d 764, 768 (Pa. Super. 1998) (concluding that the sentencing court placed adequate reasons on the record for a sentence that deviated from the Sentencing Guidelines where it considered the fact that the defendant was a distinct threat to the community, had not been deterred by his prior convictions and commitments, and had a long history of crimes of violence). It is clear from

the record that the trial court did not single out Oaks's prior criminal history in imposing the sentence; instead, the trial court took a number of factors into consideration in rendering the sentences. *See* Trial Court Opinion, 1/20/15, at 13-14; N.T., 6/12/13, at 61-63; *see also Andrews*, 720 A.2d at 768 (rejecting the defendant's argument that the sentencing court focused on his prior criminal history in rendering the sentence, as a review of the record demonstrated that the court took a number of factors into consideration). Thus, the trial court did not abuse its discretion in imposing Oaks's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2016