J-S09026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH DARRIN MORRISON, II | |
| Appellant | No. 615 EDA 2016 |

Appeal from the Judgment of Sentence entered January 28, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0006953-2014

BEFORE:  SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 24, 2017**

Appellant, Keith Darrin Morrison, II, appeals from the judgment of sentence the Court of Common Pleas of Montgomery County entered on January 28, 2016.  Appellant challenges the discretionary aspects of his sentence.  Upon review, we affirm.

The factual and procedural background of the instant matter is uncontested.  Briefly, a jury found Appellant guilty of burglary, robbery, theft, and possessing instruments of crime ("PIC"), following an armed robbery in the victims' house.  Appellant was sentenced accordingly,

_____

[*] Retired Senior Judge assigned to the Superior Court.

including a 2½ to 5 year term of imprisonment for the theft conviction, and an identical term of imprisonment for PIC.[1]  This appeal followed.

Appellant argues the trial court erred in failing to state on the record the facts supporting the imposition of a sentence outside the guidelines (upward deviation) for the theft conviction.  Appellant's Brief at 7.[2]  In Appellant's view, the issue raised involves the legality of the sentence.  *Id.* at 6 (citing *Commonwealth v. Melvin*, 103 A.3d 1 (Pa. Super. 2014), for the recitation of the standard for reviewing challenges to the legality of

---

[1] The sentencing court stated that the sentence imposed for PIC (30 months' or 2½ years' imprisonment) is in the aggravated range.  Trial Court Opinion, 5/31/16, at 4.  Earlier in the opinion, however, the court stated that the standard range sentence for the conviction was 21 to 30 months.  *Id.* at 3-4.  Appellant, who was sentenced to 30 months, received, therefore, a standard range sentence, not an aggravated range sentence. *See also* Guideline Sentence Form.  The trial court, however, correctly stated that Appellant was sentenced outside the sentencing guidelines with regard to the theft conviction.  Trial Court Opinion, 5/31/16, at 5.  Indeed, Appellant was sentenced to a minimum of 30 months' imprisonment, whereas the aggravated range is 21 months' imprisonment.  *See* Guideline Sentence Form.  While outside the guideline range, the sentence conforms with the statutory limits (30 months to 60 months).  *Id.*

[2] In the statement of the questions presented for our review, Appellant argues the trial court erred in imposing sentences in the aggravated range of the guidelines for the theft and PIC convictions.  Appellant's Brief at 7.  In the argument section of his brief, however, Appellant argues the trial court failed to explain the reasons for imposing a sentence outside the guidelines.  *Id.* at 10.  As noted above, Appellant was sentenced outside the sentencing guidelines in connection with the theft conviction, and was sentenced in the standard range in connection with the PIC conviction.  Thus, on appeal we will only address Appellant's claim that the trial court failed to state its reasons for the sentence in connection with the theft conviction.

sentence).[3]  Nowhere, however, does Appellant explain why the issue raised here involves the legality of sentence.  Appellant cites ***Commonwealth v. Sanchez***, 539 A.2d 840 (Pa. Super. 1988), for the proposition that "when the court imposes a sentence outside the guidelines it shall provide a contemporaneous written statement of the reason or reasons for the deviation."  Appellant's Brief at 10 (internal quotation marks omitted).  In ***Sanchez***, this Court treated the matter at issue here (*i.e.*, that the failure to state on the record reasons for sentence requires vacating the sentence and a remand for resentencing) as a matter involving the discretionary aspects of the sentence, not the legality of the sentence.  ***Sanchez***, 539 A.2d at 841.  We, likewise, we will treat the instant issue as a challenge to the discretionary aspects of the sentence.  ***Id.***; ***see also Commonwealth v. Rich***, 572 A.2d 1283, 1284 n.4 (Pa. Super. 1990).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right."  ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011).  As this Court explained in ***Allen***,

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether

_____

[3] In ***Melvin***, appellant argued the trial court did not have the power to impose the challenged sentence.  ***Melvin***, 103 A.3d at 52.  There is no such challenge here.  Thus, reliance on ***Melvin*** is misplaced.

appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Assuming, without deciding, that Appellant met the first, third, and the fourth requirements, there is problem in connection with the second requirement of the above standard. A review of the record reveals Appellant failed to raise the instant challenge at the sentencing hearing or in a post-sentence motion.[4] Accordingly, the claim is waived.[5] ***Commonwealth v. Griffin***, 65 A.3d 932, 936 (Pa. Super. 2013) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a

---

[4] Indeed, Appellant in his brief provided no statement of place of raising or preserving the issue, in violation of Pa.R.A.P. 2117(c), Pa.R.A.P. 2119(e).

[5] Even if Appellant had properly preserved the instant issue for our review, we would find it meritless. A review of the record reveals the trial court did in fact provide reasons for the sentence imposed on the record and in Appellant's presence. ***See*** Trial Court Opinion, 5/31/16, 4-5. This Court has held that "the requirement of a contemporaneous written statement explaining any deviation from the Sentencing Guidelines is satisfied when the sentencing judge states the reasons for his actions on the record and in the defendant's presence." ***Commonwealth v. Clever***, 76 A.2d 1108, 1110 (Pa. Super. 1990) (citations omitted).

Ultimately, it appears the only reason for the appeal is Appellant's unhappiness with the sentence, failing to provide any substantiated reason for his appeal. Indeed, Appellant failed to include a 2119(f) statement in his brief. Notably, the Commonwealth did not challenge the omission.

sentence is waived*.*" ***Commonwealth v. Lamonda****,* 52 A.3d 365, 371 (Pa.

Super. 2012) (*citing* ***Commonwealth v. Shugars****,* 895 A.2d 1270, 1273–74

(Pa. Super. 2006)).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2017